■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICIO BAUTISTA, Appellant. [809 NYS2d 62]—

Order, Supreme Court, New York County (Micki A. Scherer, J.), entered on or about November 21, 2005, which denied defendant's motion to be resentenced pursuant to the 2005 Drug Law Reform Act (DLRA), unanimously affirmed.

The 2005 version of the Drug Law Reform Act (L 2005, ch 643, § 1) provides that a defendant convicted of a class A-II felony drug offense, who was sentenced under prior law to an indeterminate term of imprisonment with a minimum period of not less than three years, "who is more than twelve months from being an eligible inmate as that term is defined in subdivision 2 of section 851 of the correction law" and who meets the merit time eligibility requirements of section 803 (1) (d) of the Correction Law, may apply to be resentenced in accordance with section 70.71 of the Penal Law. Correction Law § 851 (2) defines "eligible inmate" as "a person confined in an institution who is eligible for release on parole or who will become eligible for release on parole or conditional release within two years." These statutes, although not a model of clarity, when read together, require that, in order to be eligible for resentencing, an A-II offender may not be eligible for parole within three years. We find nothing to the contrary in the legislative history of the 2005 DLRA. Thus, the court correctly denied defendant's motion because he is eligible for parole in March 2008.

Although the statute treats different groups of convicted A-II felons differently on the basis of their parole eligibility dates, it is not unconstitutional, since the distinction is rationally related to the achievement of the valid state objective of ameliorating the conditions of those A-II offenders facing the longest prison time (see e.g. Hodel v Indiana, 452 US 314, 331-332 [1981]). We have considered and rejected defendant's other

constitutional arguments. Concur—Buckley, P.J., Sullivan, Williams, Gonzalez and Catterson, JJ.