[857 NE2d 49, 823 NYS2d 754]

The People of the State of New York, Respondent, v Patricio Bautista, Appellant.

Argued September 7, 2006; decided September 21, 2006

### APPEARANCES OF COUNSEL

*Center for Appellate Litigation*, New York City (*Gayle Pollack* and *Robert S. Dean* of counsel), for appellant.

*Robert M. Morgenthau, District Attorney*, New York City (*Christopher Marinelli* of counsel), for respondent.

*Prisoners' Legal Services of New York*, Albany (*Joel Landau* of counsel), and another, amici curiae.

### OPINION OF THE COURT

Memorandum.

The appeal should be dismissed. Appeals in criminal cases are

strictly limited to those authorized by statute (*see People v De Jesus*, 54 NY2d 447, 449 [1981]; *Matter of State of New York v King*, 36 NY2d 59, 63 [1975]). Except for capital cases, appeals to the Court of Appeals in criminal cases are by permission, rather than as of right, and are governed by CPL 450.90 and CPL 470.60. CPL 450.90 (1) authorizes an appeal to this Court by permission only from an "adverse or partially adverse order of an intermediate appellate court entered upon an appeal taken to such intermediate appellate court pursuant to section 450.10, 450.15, or 450.20." The order before us clearly does not come within the provisions of CPL 450.10, 450.15 or 450.20.* CPL 470.60 (3) allows an appeal to this Court from an order of an intermediate appellate court dismissing an appeal to that court, and has no application here.

Chapter 643 of the Laws of 2005, the unconsolidated law at issue, provides that "[a]n appeal may be taken as of right in accordance with applicable provisions of the criminal procedure law: (a) from an order denying resentencing" (L 2005, ch 643, § 1). We reject defendant's argument that chapter 643 authorizes not only an appeal as of right to the intermediate appellate court, but also an appeal to this Court by permission pursuant to CPL 450.90. The Legislature failed to mention CPL 450.90 in chapter 643 of the Laws of 2005. Moreover, the Legislature did not amend the language of CPL 450.10 or CPL 450.15 to provide in those sections for appeals to the intermediate appellate court from orders denying applications for resentencing, so as to bring such orders within the scope of CPL 450.90 (1).

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, ROSENBLATT, GRAFFEO, READ and R.S. SMITH concur.

Appeal dismissed in a memorandum.

---

* An order denying an application for resentencing is not equivalent to an appealable sentence (*see De Jesus*, 54 NY2d at 449), or to an order denying a CPL 440.20 motion to set aside a sentence (*compare* L 2005, ch 643 [orders denying applications for resentencing appealable as of right] *with* CPL 450.15 [2] [orders denying motions to set aside sentences appealable by permission]).