THIRD DEPARTMENT, DECEMBER, 2006

(December 7, 2006)

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v KEVIN L. THOMAS, Respondent. [826 NYS2d 456]—

Cardona, P.J. Appeal from a judgment of the County Court of Chemung County (Buckley, J.), rendered March 13, 2006, which resentenced defendant following his conviction of the crime of criminal possession of a controlled substance in the second degree.

On September 13, 1999, defendant was convicted upon his plea of guilty of, among other crimes, criminal possession of a controlled substance in the second degree—a class A-II felony—and was sentenced to a prison term of eight years to life on such conviction. His subsequent appeal to this Court resulted in an affirmance (2 AD3d 982 [2003], *lv denied* 1 NY3d 602 [2004]).

In September 2005, defendant applied to be resentenced pursuant to the 2005 Drug Law Reform Act (L 2005, ch 643, § 1) (hereinafter 2005 DLRA). County Court granted defendant's application and resentenced him on the drug conviction to a prison term of eight years, to be followed by five years of postrelease supervision. The People appealed and, in order to prevent defendant's immediate release from incarceration, moved for a stay pending appeal, which motion was granted by this Court.

The 2005 DLRA provides, in relevant part, that a defendant who was convicted of a class A-II felony drug offense and sentenced under prior law to an indeterminate term of imprisonment with a minimum of not less than three years, and who is more than 12 months from being an "eligible inmate" as that term is defined in Correction Law § 851 (2), may apply to be

resentenced in accordance with Penal Law § 70.71. An "eligible inmate" is "a person confined in an institution who is eligible for release on parole or who will become eligible for release on parole or conditional release within two years" (Correction Law § 851 [2]). When read together these provisions mandate that, in order to qualify for resentencing under the 2005 DLRA, a class A-II felony drug offender must not be eligible for parole within three years (see People v Bautista, 26 AD3d 230 [2006], appeal dismissed 7 NY3d 838 [2006]).

The record reveals that at the time of his application to be resentenced defendant was eligible for parole in February 2007, well within the three-year period. Accordingly, County Court erred in resentencing him under the 2005 DLRA and the judgment must be reversed.

Mercure, Crew III, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is reversed, on the law, and application denied.