▮ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v YUSEFF PARRIS, Appellant. [828 NYS2d 429]—

Appeal by the defendant from an order of the County Court, Orange County (Berry, J.), dated February 23, 2006, denying his motion to be resentenced on a judgment rendered June 12, 2002, convicting him, upon his plea of guilty, of criminal possession of a controlled substance in the second degree, and imposing sentence.

Ordered that the order is affirmed.

Chapter 643 of the Laws of 2005 (hereinafter chapter 643) grants to certain inmates convicted of class A-II drug felonies the right to move for resentencing. Although, as the Appellate Division, First Department, observed, chapter 643 is "not a model of clarity" (*People v Bautista*, 26 AD3d 230 [2006]), it affords possible relief to certain inmates who are "more than twelve months from being an eligible inmate as that term is defined in subdivision 2 of section 851 of the correction law" (L 2005 ch 643 § 1). The import of this language is that it does not apply to an inmate who is already an "eligible inmate," namely "a person confined in an institution who is eligible for release on parole or who will become eligible for release on parole or conditional release within two years" (Correction Law § 851 [2]), or to any inmate who would fit within that class of persons in a year or less. In short, chapter 643 does not apply to inmates who are three or fewer years from eligibility for parole (*see People v Bautista, supra; see also People v Cuebas*, 12 Misc 3d 987, 989 [2006]; *People v McCurdy*, 11 Misc 3d 757, 763 [2006]). Here, although the defendant and the People disagree on the specific date that the defendant will be eligible for parole, both dates were less than three years from the date the defendant filed his motion for resentencing. Consequently, the County Court properly found that the defendant was not entitled to seek relief under chapter 643.

The defendant's remaining claim is based on matter dehors the record. Crane, J.P., Krausman, Goldstein and Spolzino, JJ., concur.