THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN THOMAS, Appellant. [832 NYS2d 31]—

Judgment of resentence, Supreme Court, New York County (Roger S. Hayes, J.), rendered August 29, 2005, resentencing defendant upon his conviction of criminal sale of a controlled substance in the first degree (two counts) to concurrent terms of 18 years, and denying defendant's application to be resentenced on his convictions of criminal sale of a controlled substance in the second degree (two counts), unanimously affirmed.

Defendant was convicted in 1987 of two counts each of criminal sale of a controlled substance in the first and second degrees. He received concurrent terms of 20 years to life on the first-degree sales, which are class A-I felonies, and five years to life on the second-degree sales, which are class A-II felonies. In July 2005, following the passage of the 2004 Drug Law Reform Act

(L 2004, ch 738), defendant moved to be resentenced on all of these convictions.

The court properly limited the resentencing to the A-I felonies. The 2004 legislation provided no basis for resentencing defendant on his A-II felony convictions. Even if we were to apply the 2005 Drug Law Reform Act (L 2005, ch 643), defendant would still not be entitled to be resentenced on those convictions because he was within three years of being eligible for parole at the time of his resentencing motion (*see People v Bautista*, 26 AD3d 230 [2006], *appeal dismissed* 7 NY3d 838 [2006]). Moreover, defendant has already been released on parole.

We perceive no basis for further reducing defendant's sentences on the class A-I convictions. Concur—Friedman, J.P., Nardelli, Gonzalez, McGuire and Malone, JJ.