■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD McCLOUD, Appellant. [831 NYS2d 600]—

Crew III, J.P. Appeal from an order of the County Court of Schenectady County (Drago, J.), entered March 22, 2006, which denied defendant's motion for resentencing pursuant to the Drug Law Reform Act of 2005.

In September 1999, defendant was sentenced upon his plea of guilty of criminal possession of a controlled substance in the second degree to a term of imprisonment of three years to life. In April 2000, defendant was released on shock parole. In 2002, defendant was convicted of criminal possession of a weapon, thereby violating his conditions of parole, and was sentenced to three years in prison. Thereafter, defendant moved for resentencing with regard to his controlled substance conviction pursuant to the Drug Law Reform Act of 2005 (*see* L 2005, ch 643, § 1), which motion was denied, prompting this appeal.

Initially, the People contend that defendant's appeal is untimely and must be dismissed. The record reflects that defendant received the order denying his motion on March 30, 2006 but did not file a notice of appeal until May 15, 2006, well beyond the 30-day period required by statute (*see* CPL 460.10 [1] [a]). However, defendant sought permission from this Court to appeal from the order in question on April 24, 2006, within the 30-day period for the filing of a notice of appeal. We advised defendant, by letter dated May 10, 2006, that his motion was being denied because he was entitled to take an appeal as a matter of right. Unfortunately, by the time we rendered that advice, defendant's time to appeal had expired. Under the unusual circumstances of this case, we will deem defendant's motion for leave to appeal as a notice of appeal.

Defendant contends that County Court's denial of his motion for resentencing was an abuse of discretion and must be reversed. We disagree. In order to be eligible for resentencing under the Drug Law Reform Act of 2005, defendant must (1) be in the custody of the Department of Correctional Services

convicted of a class A-II felony and (2) have been sentenced to an indeterminate prison term with a minimum period of at least three years and be more than 12 months from being an "eligible inmate" as defined by Correction Law § 851 (2) (*see* L 2005, ch 643, § 1). We do not believe that the drug reform laws were intended to apply to offenders who have served their term of imprisonment, been released to parole supervision, violated their parole and, as a result, were subject to a subsequent period of incarceration (*see People v Bagby*, 11 Misc 3d 882, 887 [2006]). Under these circumstances, we do not perceive that County Court abused its discretion in denying defendant's motion.

Peters, Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed.