■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NORMA SMITH, Appellant. [846 NYS2d 520]—

Appeal from an order of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), entered April 7, 2006 pursuant to the 2005 Drug Law Reform Act. The order denied defendant's application to be resentenced upon defendant's 1991 conviction of criminal sale of a controlled substance in the second degree.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from an order pursuant to the 2005 Drug Law Reform Act ([DLRA-2] L 2005, ch 643, § 1) denying her application for resentencing upon her 1991 conviction of criminal sale of a controlled substance in the second degree (Penal Law § 220.41 [1]). Supreme Court properly denied defendant's application. DLRA-2 provides in relevant part that a defendant convicted of a class A-II felony offense defined in Penal Law article 220 and sentenced to an indeterminate term of imprisonment with a minimum period of not less than three years, "and who is more than twelve months from being an eligible inmate as that term is defined in subdivision 2 of section 851 of the correction law," may apply to be resentenced in accordance with Penal Law § 70.71. Pursuant to Correction Law § 851 (2), an eligible inmate is "a person confined in an institution who is eligible for release on parole or who will become eligible for release on parole or conditional release within two years . . . If an inmate is denied release on parole, such inmate shall not be deemed an eligible inmate until he or she is within two years of his or her next scheduled appearance before the state parole board." Thus, in order to be eligible for resentencing pursuant to DLRA-2, a class A-II felony offender cannot be eligible for parole within three years (*see People v Parris*, 35 AD3d 891 [2006]; *People v Thomas*, 35 AD3d 895 [2006]; *People v Bautista*, 26 AD3d 230 [2006], *appeal dismissed* 7 NY3d 838 [2006]). Here, there is no dispute that, at the time of her application for resentencing in October 2005, defendant was eligible for parole in May 2006, seven months later.

Defendant contends that DLRA-2 and Correction Law § 851 (2) arbitrarily create a category of defendants who are ineligible for resentencing because they previously appeared before the parole board and were denied parole. We reject that contention. Pursuant to Executive Law § 259-i (2) (a) (i), when an inmate is denied parole the parole board "shall specify a date not more than twenty-four months from such determination for reconsideration." Thus, defendant is correct that an inmate who has

been denied parole is never more than two years away from parole eligibility, and thus he or she is never eligible for resentencing pursuant to DLRA-2. Nevertheless, "[a]lthough the statute treats different groups of convicted A-II felons differently on the basis of their parole eligibility dates, . . . the distinction is rationally related to the achievement of the valid state objective of ameliorating the conditions of those A-II offenders facing the longest prison time" (*Bautista*, 26 AD3d at 230). The Legislature's determination that defendants who have appeared before the parole board and have been denied parole are ineligible for resentencing is rational because those defendants have served the minimum terms of their sentences and are less likely to face long periods of continued incarceration (*see generally People v Bagby*, 11 Misc 3d 882, 891 [2006]). Moreover, we conclude that DLRA-2 was never intended to apply to class A-II felony offenders "who have served their term of imprisonment, have been released from prison to parole supervision, and whose parole is then violated, with a resulting period of incarceration" (*id.* at 887). Here, defendant was released to parole supervision in January 2000, but reoffended and was again incarcerated. Thus, because defendant was previously parole eligible, was released to parole supervision, and then violated parole, she will never be more than three years from becoming parole eligible as contemplated by DLRA-2 (*see People v Roman*, 12 Misc 3d 1197[A], 2006 NY Slip Op 51607[U], *2). Present—Hurlbutt, J.P., Gorski, Martoche, Lunn and Peradotto, JJ.