■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DORNELL CORLEY, Appellant. [847 NYS2d 148]—

Appeal by the defendant from an order of the Supreme Court, Queens County (Kohm, J.), dated January 5, 2006, denying his motion to be resentenced on a judgment rendered May 9, 1995, convicting him of criminal sale of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the order is affirmed.

Chapter 643 of the Laws of 2005 (hereinafter Chapter 643), popularly known as the Drug Law Reform Act of 2005, grants to certain inmates convicted of class A-II drug felonies the right to move for resentencing. This Court, along with the Appellate Division, First Department, and the Appellate Division, Third Department, have held that Chapter 643 does not apply to inmates who are three years or fewer away from eligibility for parole (*see People v Thomas,* 35 AD3d 895, 896 [2006]; *People v Parris,* 35 AD3d 891, 892 [2006]; *People v Bautista,* 26 AD3d 230 [2006]). This holding applies with no less force to the defendant, who became eligible for parole in 2003 and has already been denied parole several times. Since, by statute, the defendant's next parole hearing will always be less than three years away from any date he moves for resentencing in the future (*see* Executive Law § 259-i [2]), Chapter 643 does not and will not afford him the right to move for resentencing (*see also* Correction Law § 851 [2]). We decline the defendant's request to overrule *People v Parris* (*see People v Taylor,* 9 NY3d 129, 156-159 [2007]). If the Legislature concludes that Chapter 643 is unfair, it may amend it (*see People v Mills,* 14 Misc 3d 1220[A], 2007 NY Slip Op 50100[U], *5; *cf. People v Taylor,* 9 NY3d 129, 162-164 [2007] [Smith, J., concurring]). Goldstein, J.P., Fisher, Carni and McCarthy, JJ., concur.