■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NESTOR HERNANDEZ, Appellant. [847 NYS2d 508]—

Appeal from an order of the Onondaga County Court (Anthony F. Aloi, J.), entered January 4, 2006 pursuant to the 2005 Drug Law Reform Act. The order denied defendant's application for resentencing upon defendant's 1999 conviction of criminal possession of a controlled substance in the second degree.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from an order pursuant to the 2005 Drug Law Reform Act ([DLRA-2] L 2005, ch 643, § 1) denying his application for resentencing upon his 1999 conviction of criminal possession of a controlled substance in the second degree (Penal Law § 220.18 [former (1)]). County Court properly denied the application of defendant because he was eligible for parole in June 2006, well within three years of the time of his application in October 2005 (*see* L 2005, ch 643, § 1;

*People v Smith* , 45 AD3d 1478 [2007]). "Moreover, we conclude that DLRA-2 was never intended to apply to class A-II felony offenders 'who have served their term of imprisonment, have been released from prison to parole supervision, and whose parole is then violated, with a resulting period of incarceration' " (*Smith*, 45 AD3d at 1480). Here, defendant had served his minimum sentence, violated parole on two occasions, and was again incarcerated after both violations (*see id.*; *People v Bagby*, 11 Misc 3d 882, 887 [2006]). Present—Scudder, P.J., Smith, Centra, Lunn and Peradotto, JJ.