█ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOSE THEN, Respondent. [849 NYS2d 234]—

Judgment of resentence, Supreme Court, New York County (John Cataldo, J.), rendered April 24, 2006, resentencing defendant, upon his 1999 conviction of criminal sale of a controlled substance in the second degree, to a term of five years, unanimously reversed, on the law, and the original sentence of five years to life reinstated.

In 1999 defendant was convicted of criminal sale of a controlled substance in the second degree and sentenced to a term of five years to life in prison. On October 8, 2002, he was released on parole. While on parole, defendant was arrested for a new and unrelated drug transaction, as a result of which he was again convicted of second-degree criminal possession of a controlled substance. On July 29, 2003, he was sentenced to a term of six years to life. On August 8, 2003, defendant's parole on the first conviction was revoked, and he was sentenced to a term of five months and 26 days for the parole violation.

In late 2005, defendant moved for resentencing pursuant to the 2005 Drug Law Reform Act (DLRA) (L 2005, ch 643, § 1) on both convictions. The court granted the application, and

subsequently resentenced defendant on both his 1999 and 2003 convictions. The People claim the court erroneously resentenced defendant under the 1999 conviction.

We agree. Defendant's release to parole in 2002 precluded resentencing on his 1999 conviction (*see People v McCloud*, 38 AD3d 1056 [2007], *lv dismissed* 8 NY3d 947 [2007]). Under the 2005 DLRA, a defendant applying for resentencing must be more than three years away from parole eligibility (*People v Bautista*, 26 AD3d 230 [2006], *appeal dismissed* 7 NY3d 838 [2006]). When defendant applied for resentencing in 2005, he did not qualify, because he had already been paroled. Concur—Andrias, J.P., Friedman, Williams, Buckley and Sweeny, JJ.