The People of the State of New York, Respondent, v Daniel Edell, Appellant. [853 NYS2d 896]—

The County Court properly denied the defendant's motion for resentencing under the Drug Law Reform Act of 2005 (L 2005, ch 643) (hereinafter the 2005 DLRA). Since the defendant was, at the time of his motion, less than three years from being eligible for release on parole (*see* L 2005, ch 643, § 1; Correction Law § 851 [2]), he did not qualify for resentencing (*see People v Dathan,* 48 AD3d 591 [2008]; *People v McCurdy,* 46 AD3d 843 [2007], *lv denied* 9 NY3d 1036 [2008]; *People v Corley,* 45 AD3d 857 [2007]; *People v Nolasco,* 37 AD3d 622 [2007]; *People v Parris,* 35 AD3d 891 [2006]; *People v Bautista,* 26 AD3d 230 [2006]).

Contrary to the defendant's further contention, the 2005 DLRA does not violate the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. The statute's disparate treatment of inmates with different parole eligibility dates "is rationally related to the achievement of the valid state objective of ameliorating the conditions of those A-II offenders facing the longest prison time" (*People v Bautista,* 26 AD3d at 230; *see People v Smith,* 45 AD3d 1478, 1480 [2007]). Prudenti, P.J., Miller, Dillon and McCarthy, JJ., concur.