Order, Supreme Court, New York County (Brenda Soloff, J.), entered on or about May 23, 2006, which denied defendant’s motion for resentencing pursuant to the 2005 Drug Law Reform Act, unanimously affirmed.
Because of the unusual circumstances of this case, we are constrained to affirm the lower court without reaching the issue *367 of whether “merit time” should count to determine whether an inmate is eligible for resentencing pursuant to the 2005 Drug Law Reform Act.
On July 16, 2003, defendant pleaded guilty to criminal sale of a controlled substance in the second degree. This was defendant’s first felony conviction. On August 6, 2003, the court imposed a sentence of six years to life imprisonment.
On February 8, 2005, defendant made a pro se motion for resentencing pursuant to the 2004 Drug Law Reform Act (DLRA) (L 2004, ch 738, §§ 1-41). This law, effective January 13, 2005, amended the Correction Law, the Criminal Procedure Law, the Penal Law and the Executive Law to ameliorate the severity of the Rockefeller Drug Laws (see Assembly Mem in Support of L 2004, ch 738, 2004 McKinney’s Session Laws of NY, at 2176 [“Purpose or General Idea of Bill”]). Pursuant to the original enactment, defendants serving indeterminate terms for class A-I drug felonies could apply to be resentenced to determinate terms pursuant to Penal Law § 70.71 (L 2004, ch 738, § 23).
In an order entered April 7, 2005, the court denied the motion because defendant had pleaded guilty to second degree criminal sale and the 2004 DLRA did not provide for resentencing of these “class A-II” felons. However, in August of 2005, the Governor signed additional legislation extending the resentencing right to certain class A-II felony drug offenders serving indeterminate terms (see L 2005, ch 643, § 1). This legislation became effective October 29, 2005, 60 days after the Governor signed it (id.). Under the 2005 DLRA, defendant, a first felony offender, could be eligible to receive a determinate sentence ranging between 3 to 10 years, plus five years postrelease supervision, provided he met certain conditions, including that he make an application not less than three years from his earliest parole date (see id.; Penal Law § 70.71 [2] [b]; § 70.45).
In October 2005, defendant submitted a second pro se application for resentencing pursuant to the 2005 DLRA. Defendant mailed his pro se application on October 26, 2005, three years and one day before he was eligible for release, and three days before the law became effective. Supreme Court received it and stamped it “filed” two days after the law became effective and two years and 361 days before defendant became eligible for parole. Defendant received appointed counsel to represent him on the motion, and, through that counsel, submitted a petition for resentencing and supporting affirmation, both dated March 8, 2006. Counsel stated that New York State Department of Correctional Services records indicated that defendant’s earliest release date was October 27, 2008.
*368 The People opposed the motion on the ground that defendant was not eligible for resentencing because he made the motion less than three years prior to his parole eligibility date. The People alternatively argued that the court should deny the motion under the “substantial justice” standard* because defendant was involved in the sale of $2,390 worth of cocaine, weighing approximately 70 grams, and had an additional 120 grams of cocaine in his possession.
By order entered on or about May 23, 2006, the court denied the motion for resentencing. The court reasoned that defendant had moved on October 31, 2005, the date Supreme Court received defendant’s application. As this date was less than three years from defendant’s parole eligibility date, the court reasoned that Price was not eligible for resentencing.
On October 27, 2006, defendant was released on “supplemental merit parole.” After we initially heard this appeal, we directed counsel to file supplemental briefs on two issues: (1) the time at which defendant’s motion for resentencing should be deemed made and (2) the effect of merit time reductions on defendant’s release date (51 AD3d 405 [2008]). The parties have filed their supplemental briefs and we now render our decision.
Before we can reach the issue of whether merit time reductions affect defendant’s release date, we must analyze whether defendant’s motion was timely.
The 2005 DLRA provides that a defendant convicted of a class A-II felony drug offense may move for resentencing if: (1) defendant had an indeterminate term of imprisonment with a minimum period of not less than three years, (2) defendant is more than twelve months from being an “eligible inmate” as Correction Law § 851 (2) defines that term and (3) defendant meets the merit time eligibility requirements of section 803 (1) (d) of the Correction Law. Correction Law § 851 (2) defines “eligible inmate” as “a person confined in an institution who is eligible for release on parole or who will become eligible for release on parole or conditional release within two years.” This court has interpreted these statutes to allow resentencing when an inmate is more than three years (adding the “two years” from parole from section 851 [2] and the “twelve months” provision of the 2005 DLRA itself) away from his or her parole eligibility date (see People v Bautista, 26 AD3d 230 [2006], appeal dismissed 7 NY3d 838 [2006]).
*369 New York State Department of Correctional Services records indicated that defendant’s earliest release date (without counting merit time) was October 27, 2008. Defendant mailed his pro se petition on October 26, 2005. The 2005 DLRA became effective on October 29, 2005. Supreme Court received defendant’s motion and stamped it “filed” on October 31, 2005, two days after the law became effective and two years and 361 days before defendant became eligible for parole. In denying defendant’s application, the lower court used the later date, October 31, 2005, rather than the date that defendant mailed his application, October 26, 2005, and therefore held that his application was filed less than three years in advance of defendant’s parole eligibility date.
The People concede that an application for resentencing under the DLRA is a motion within an existing proceeding for an order vacating the indeterminate life sentence that a court previously imposed. Thus, the People do not appear to contest that defendant could have properly initiated his motion simply by mailing it. After all, under CPLR 2211 a motion is made when the moving party serves it and it is permissible to serve by mail (see People v Van Deusen, 228 AD2d 987 [1996]). However, as the People rightly observe, the 2005 DLRA did not take effect until October 29, 2005. By that date, defendant was no longer an “eligible inmate” because he was less than three years away from his earliest parole eligibility date of October 27, 2008. Although defendant has the misfortune of being one of those few for whom the statute became effective too late, to allow him the benefit of the statute would be an end run around its initial requirement that he be less than three years away from parole. It would also contravene the statute’s intention to benefit those serving the longest sentences (see Bautista, 26 AD3d at 230).
Defendant’s fallback argument claims that his actual parole date is November 2, 2008, a date that would render him eligible because it is after the effective date of the statute and within the three years from either his mailing the application or the date Supreme Court filed it. Defendant reaches this date by counting from what he claims was his incarceration date. However, defendant did not preserve the argument that his real parole date was November 2, 2008, because he did not argue that date before the motion court, and we decline to review it in the interest of justice.
In view of this determination, we need not reach defendant’s argument as to the effect of merit time reductions on his release date. Concur—Lippman, RJ., Gonzalez, Moskowitz and Acosta, JJ.

 The 2005 DLRA states that an eligible inmate convicted of an A-II drag felony shall be resentenced by the court unless “substantial justice dictates that the application should be denied.” This allows for a court also to consider factors such as a defendant’s prior criminal history or the nature of the crime in determining whether resentencing is appropriate.