[901 NE2d 196, 872 NYS2d 705]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD MILLS, Appellant.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE THEN, Appellant.

Argued November 18, 2008; decided December 17, 2008

**POINTS OF COUNSEL**

*Hiscock Legal Aid Society,* Syracuse (*Philip Rothschild* of counsel), for appellant in the first above-entitled action. The

lower court erred in finding appellant ineligible for relief under the 2005 Drug Law Reform Act because he was within three years of parole, as that was contrary to the legislative intent, and the time eligibility requirement violated equal protection and due process. (*Matter of Washington Post Co. v New York State Ins. Dept.,* 61 NY2d 557; *New York State Bankers Assn. v Albright,* 38 NY2d 430; *People ex rel. Westchester Fire Ins. Co. v Davenport Trustees,* 91 NY 574; *People ex rel. Onondaga County Sav. Bank v Butler,* 147 NY 164; *Matter of Russo v Valentine,* 294 NY 338; *Matter of Meyer,* 209 NY 386; *Central Hanover Bank & Trust Co. v Commissioner of Internal Revenue,* 159 F2d 167; *People v Bautista,* 26 AD3d 230; *Matter of Roballo v Smith,* 63 NY2d 485; *Riley v County of Broome,* 95 NY2d 455.)

*William J. Fitzpatrick, District Attorney,* Syracuse (*James P. Maxwell* and *Victoria M. White* of counsel), for respondent in the first above-entitled action. Defendant was ineligible for relief under the 2005 Drug Law Reform Act because he was within three years of parole eligibility. (*People v Smith,* 45 AD3d 1478; *People v Parris,* 35 AD3d 891; *People v Thomas,* 35 AD3d 895; *People v Bautista,* 26 AD3d 230, 7 NY3d 838; *People v De Jesus,* 54 NY2d 447; *Matter of State of New York v King,* 36 NY2d 59; *People v Gray,* 86 NY2d 10; *Bingham v New York City Tr. Auth.,* 99 NY2d 355; *People v Baumann & Sons Buses, Inc.,* 6 NY3d 404; *People v Iannelli,* 69 NY2d 684.)

*Center for Appellate Litigation,* New York City (*Claudia S. Trupp* and *Robert S. Dean* of counsel), for appellant in the second above-entitled action. Appellant was properly resentenced by the motion court pursuant to section 1 of chapter 643 of the Laws of 2005 (Drug Law Reform Act), because at the time he filed his resentencing motion he was both "in the custody of the department of correctional services" and "more than twelve months from being an eligible inmate" as that term is defined by Correction Law § 851 (2). (*People v Utsey,* 7 NY3d 398; *Matter of Guido v Goord,* 1 NY3d 345; *People v Bautista,* 26 AD3d 230, 7 NY3d 838; *People v Paniagua,* 45 AD3d 98; *People v Villar,* 48 AD3d 282; *Matter of Tubens v New York City Dept. of Correction,* 143 AD2d 589; *People v McCloud,* 38 AD3d 1056; *People v Smith,* 45 AD3d 1478; *People v Bagby,* 11 Misc 3d 882; *People v De Jesus,* 54 NY2d 447.)

*Robert M. Morgenthau, District Attorney,* New York City (*Grace Vee* and *Christopher P. Marinelli* of counsel), for respondent in the second above-entitled action. Defendant was not

eligible for resentencing on his 1999 conviction under the 2005 Drug Law Reform Act. (*People v Bautista,* 26 AD3d 230, 7 NY3d 838; *People v Smith,* 45 AD3d 1478; *People v Nolasco,* 37 AD3d 622, 9 NY3d 848; *People v Thomas,* 35 AD3d 895; *People v Mc-Cloud,* 38 AD3d 1056, 8 NY3d 947; *People v Hernandez,* 46 AD3d 1425, 9 NY3d 1034; *People v Roman,* 12 Misc 3d 1197[A], 2006 NY Slip Op 51607[U]; *People v Bagby,* 11 Misc 3d 882; *People v Hardy,* 49 AD3d 779; *People v Holder,* 8 Misc 3d 784.)

## OPINION OF THE COURT

READ, J.

These appeals call upon us to interpret the Drug Law Reform Act of 2005 (*see* L 2005, ch 643 [the 2005 DLRA]), which allows certain nonviolent A-II felons sentenced to indeterminate terms under the old Rockefeller Drug Laws to seek resentencing to determinate terms under the provisions of the Rockefeller Drug Law Reform Act of 2004 (*see* L 2004, ch 738). For the reasons that follow, we conclude that the 2005 DLRA does not apply to defendants Donald Mills and Jose Then. We therefore affirm the orders of the Appellate Division in both cases.

## I.

A. Mills

On April 20, 1995, Mills pleaded guilty in County Court to criminal possession of a controlled substance in the second degree (Penal Law § 220.18 [1]), a class A-II felony, in exchange for the promised sentence of an indeterminate term of three years to life in prison. This sentence was imposed on July 26, 1995, to run concurrently with a 2 to 6 years' sentence resulting from Mills' conviction, in a separate proceeding, of criminal possession of a weapon in the third degree (Penal Law § 265.02), a class D felony.

Citing the 2005 DLRA, Mills moved in County Court on October 15, 2005 for resentencing on his 1995 drug conviction. By then, he had been denied parole by the Parole Board four times—in 1998, 2000, 2002, and 2004.[1] The judge initially denied Mills' motion, but later granted him leave to renew. After he was denied parole in April 2006, Mills again applied for

---

1. In those cases where the Parole Board denies parole, the inmate must be informed in writing of the reasons and factors supporting its decision, and the Board must specify a date not more than 24 months later for reconsideration (*see* Executive Law § 259-i [2] [a]; *see also* Correction Law § 851 [2], discussed *infra*).

resentencing in May 2006. In a decision and order dated June 22, 2006, County Court granted Mills' request for relief by resentencing him to an eight-year determinate sentence and a five-year period of postrelease supervision.

The People moved pursuant to CPL 440.40 (1) to set aside Mills' resentencing in light of the Appellate Division's decision in *People v Bautista* (26 AD3d 230 [1st Dept 2006], *appeal dismissed* 7 NY3d 838 [2006] [dismissing appeal on jurisdictional grounds after leave had been granted]). In a decision and order dated January 16, 2007, County Court granted the People's motion and vacated Mills' determinate sentence, ordering him to appear for resentencing to his original sentence (14 Misc 3d 1220[A], 2007 NY Slip Op 50100[U]).

County Court considered Mills' case to be "factually distinguishable" (2007 NY Slip Op 50100[U] at *3) from Appellate Division precedents holding that the 2005 DLRA did not cover A-II felony drug offenders who were parole-eligible within three years of their resentencing applications (*see Bautista*, 26 AD3d 230 [2006]; *People v Parris*, 35 AD3d 891 [2d Dept 2006], *lv denied* 6 NY3d 851 [2006]; *People v Thomas*, 35 AD3d 895 [3d Dept 2006]) because—unlike the defendants in those cases—Mills had served his minimum sentence. County Court nonetheless concluded that, by virtue of the language of the 2005 DLRA and Correction Law § 851 (2), "the benefits of [2005 DLRA] relief" were unavailable to "inmates who [had] been denied parole and [were] within two years of their next scheduled appearance before the Parole Board" because the 2005 DLRA "[did] not apply to inmates who [were] three or fewer years from eligibility for parole or appearance before the Parole Board" (2007 NY Slip Op 50100[U] at *4).

The Appellate Division unanimously affirmed in a memorandum, stating that

> "County Court properly vacated the new sentence and reimposed the original sentence because defendant was eligible for parole within three years of the time of his application and thus was not eligible to be resentenced. At the time of his application in May 2006, defendant had been denied parole release and was scheduled to appear before the parole board again in April 2008" (*People v Mills*, 48 AD3d 1108 [4th Dept 2008] [internal quotation marks and citations omitted]).

A Judge of this Court subsequently granted Mills leave to appeal (10 NY3d 867 [2008]).

B. Then

On June 16, 1999, Then pleaded guilty in Supreme Court to criminal sale of a controlled substance in the second degree (Penal Law § 220.41 [1]), a class A-II felony. On June 30, 1999, Supreme Court sentenced Then to an indeterminate prison term of five years to life; on October 8, 2002, he was released to parole supervision.

In December 2002—barely two months later—Then was again arrested and indicted on drug charges. On July 8, 2003, he pleaded guilty in Supreme Court to criminal possession of a controlled substance in the second degree (Penal Law § 220.18 [1]), another class A-II felony, in full satisfaction of the indictment; on July 29, 2003, Supreme Court sentenced him as a second felony offender to an indeterminate prison term of six years to life. On August 8, 2003, Then's parole on the 1999 conviction was revoked based on the July conviction, and a time assessment of five months and 26 days was imposed.[2]

Citing the 2005 DLRA, on December 12, 2005 Then moved in Supreme Court for resentencing on his 1999 conviction; he requested a determinate term of three years. He subsequently also applied for resentencing on his 2003 conviction, this time asking Supreme Court to resentence him to a determinate term of six years.

Then argued that he was entitled to consideration for resentencing on the 1999 and 2003 convictions because he was in the Department of Correctional Services' (DOCS) custody, had been convicted of two class A-II drug felonies, and was more than three years away from his parole eligibility date. The

2. A "time assessment" is "a period of time which is fixed as a result of a final parole revocation hearing and which determines a date by which time the parole violator will be eligible for re-release" (9 NYCRR 8002.6 [a]; see also 9 NYCRR 8005.20 [c] [3] [ii] [providing that for nonviolent felony offenders such as Then, "a hearing officer shall impose a time assessment" upon the sustaining of any charges at a parole revocation hearing]). A time assessment "will be set in months and days" (9 NYCRR 8002.6 [b] [1]) and represents the time that must elapse before an offender can again be released to parole on a sentence for which he would otherwise be parole-eligible immediately (by definition, as the offender had already been not only eligible for parole, but *granted* parole on that offense). For Then, this meant that he could not be released to parole on any conviction until at least five months and 26 days after the final determination of his revocation hearing (see 9 NYCRR 8002.6 [e]). Of course, he was already going to be imprisoned beyond this time period on his 2003 conviction.

People did not contest Then's eligibility for resentencing for the 2003 conviction; however, they argued that he did not qualify for resentencing for the 1999 conviction because he had already been released on parole in 2002 for that conviction.

In a decision and order dated April 10, 2006, Supreme Court ruled in Then's favor. Supreme Court concluded that while various "lower court decisions . . . have concerned issues similar to that currently before this court" (citations omitted), Then's case was "[u]nique" because he was "currently in the custody of the Department of Corrections on two separate A-II felony convictions, *albeit*, his incarceration on the [1999 conviction was the] result of a parole violation resulting from his second A-II conviction"; and that "the purposes underlying the drug reform act call[ed] for eligibility in [Then's] case." On April 24, 2006, Supreme Court resentenced Then to a determinate term of five years' imprisonment and a five-year period of postrelease supervision for the 1999 conviction, to run concurrently with a determinate term of six years' imprisonment and a five-year period of postrelease supervision for the 2003 conviction.

The People appealed, and the Appellate Division unanimously reversed and reinstated Then's original sentence for the 1999 conviction. The court reasoned that Then's

> "release to parole in 2002 precluded resentencing on his 1999 conviction. Under the 2005 DLRA, a defendant applying for resentencing must be more than three years away from parole eligibility. When defendant applied for resentencing in 2005, he did not qualify, because he had already been paroled" (*People v Then*, 47 AD3d 404, 405 [1st Dept 2008] [citations omitted]).

A Judge of this Court subsequently granted Then leave to appeal (10 NY3d 845 [2008]).

## II.

The 2005 DLRA provides that

> "any person in the custody of the department of correctional services convicted of a class A-II felony offense defined in article 220 of the penal law which was committed prior to the effective date of this section, and who was sentenced thereon to an indeterminate term of imprisonment with a minimum period not less than three years pursuant to provisions

of the law in effect prior to the effective date of this section, *and who is more than twelve months from being an eligible inmate as that term is defined in subdivision 2 of section 851 of the correction law*, and who meets the eligibility requirements of paragraph (d) of subdivision 1 of section 803 of the correction law[3] . . . [may apply for resentencing to a determinate term]" (L 2005, ch 643, § 1 [emphasis added]).

Correction Law § 851 (2), in turn, defines an "eligible inmate" as

"a person confined in an institution who is eligible for release on parole or who will become eligible for release on parole or conditional release *within two years*. . . . In the case of a person serving an indeterminate sentence of imprisonment imposed pursuant to the penal law in effect after September one, nineteen hundred sixty-seven, for the purposes of this article parole eligibility shall be upon the expiration of the minimum period of imprisonment fixed by the court or where the court has not fixed any period, after service of the minimum period fixed by the state board of parole. If an inmate is denied release on parole, such inmate shall not be deemed an eligible inmate until he or she is within two years of his or her next scheduled appearance before the state parole board" (emphasis added).

Reading these two provisions together, we hold that in order to qualify for resentencing under the 2005 DLRA, class A-II felony drug offenders must not be eligible for parole within three years of their resentencing applications (*see Bautista*, 26 AD3d at 230; *People v Parris*, 35 AD3d 891, 892 [2d Dept 2006]; *People v Thomas*, 35 AD3d 895, 896 [3d Dept 2006]; *People v Smith*, 45 AD3d 1478 [4th Dept 2007]). The statutory text is simply not amenable to any other interpretation. Even if it were ambiguous, legislative history and policy considerations do not support the proposition, advanced by Mills, that the Legislature never intended what he calls a "three-year carveout."

For example, interested parties as varied as the Commissioner of the Department of Correctional Services and the Executive

---

3. Correction Law § 803 governs merit time allowances for inmates.

Director of the New York State Defenders Association (NYSDA) explicitly described the 2005 DLRA as creating a three-year limitation. The Commissioner remarked that

> "[t]o be eligible to apply, an offender must have more than three years remaining until his or her parole eligibility date and must also be otherwise eligible to earn merit time. It is estimated that there are approximately 508 inmates serving indeterminate sentences . . . who would be eligible to . . . be re-sentenced" (*see* Letter of Glen S. Goord, Commissioner of DOCS, Bill Jacket, L 2005, ch 643, at 11).

Indeed, the NYSDA's Executive Director actually emphasized the fact that the 2005 DLRA would not reach first-time class A-II felony drug offenders, stating in a letter to Governor Pataki that

> "[t]he bill is narrowly tailored to offer the possibility of relief to inmates who are most desperately in need of sentence review: those non-violent drug offenders who are serving life sentences for Class A-II drug offenses with *relatively long minimum terms* who were overlooked in the 2004 Drug Law Reform Act.
>
> "[The bill that became the 2005 DLRA] offers the opportunity for discretionary resentencing only to those A-II felony offenders who are more than three years from parole release consideration. Therefore, [the bill] will not apply to most A-II offenders serving minimum terms of less than 6 years because the majority of them will be within 3 years of parole release consideration on the effective date of this law" (*see* Letter of Jonathan E. Gradess, Executive Director of the NYSDA, Bill Jacket at 25).

Moreover, while the introducer's memorandum states that the statute would apply to "[t]hose class A-II felony controlled substance offenders who . . . at the time of the petition are . . . more than 12 months from being eligible for the temporary release program established pursuant to section 851 of the correction law" (Senate Introducer's Mem in Support, Bill Jacket

at 3),[4] this does not conflict with the three-year limitation. As the New York City Bar Association made clear in its description of the 2005 DLRA's eligibility provisions: "The bill would allow non-violent A-II offenders more than twelve months away from temporary release eligibility with three years or longer left to serve the opportunity to petition for resentencing" (Letter of John H. Doyle, III, Chair, Council on Criminal Justice, Association of the Bar of the City of New York, Bill Jacket at 22).

Further, this reading of the statutory text does not create a distinction that is irrational in light of the Legislature's intent. Defendants decry the fact that the 2005 DLRA does not cover first-time felony drug offenders facing indeterminate three-years-to-life sentences, while second- and third-time offenders might be eligible for resentencing. But this difference in treatment "ameliorat[es] the conditions of those A-II offenders facing the *longest prison time*" (*Bautista*, 26 AD3d at 230 [emphasis added]), as the Legislature intended when it enacted the 2005 DLRA. In short, the Legislature chose to confine the opportunity for resentencing in the courts to those A-II felony drug offenders unable to seek early release from prison from the Parole Board in the near term.

### III.

■ Mills was less than three years from parole eligibility when he applied for resentencing: as mentioned earlier, by law, Mills must receive a parole hearing every two years. Thus, in accordance with the plain meaning of the 2005 DLRA (and, by reference, Correction Law § 851 [2]), Mills is not "more than twelve months from being an eligible inmate as that term is defined in subdivision 2 of section 851 of the correction law" and therefore does not qualify for resentencing. As previously noted, the very point of the "eligible inmate" restriction is plausibly to allow the Parole Board (rather than the courts) to decide whether an incarcerated class A-II felony drug offender should be released in those cases where parole review is upcoming. Finally, although Mills also contends that ineligibility for resentencing would violate his rights to due process and equal protection under the State and Federal Constitutions, this argument is unpreserved for our review.

---

4. An Assembly memorandum not included in the Bill Jacket uses the language "more than twelve months from being eligible for appearance before the parole board" (Mem in Support of 2005 NY Assembly Bill A8980), but this appears to have been an error corrected by the time the bills were consolidated, passed, and sent to the Governor to be signed into law.

Then's case is somewhat more complicated because he was sentenced to an indeterminate term upon his conviction in 2003 for a class A-II drug felony that he committed while released on parole from a 1999 conviction for another class A-II drug felony. As a result of the 2003 conviction, he was ineligible for parole for more than three years at the time he applied for resentencing. Then urges us to read the "eligible inmate" language literally, thereby entitling him to seek resentencing under the 2005 DLRA for both the 1999 conviction—which he claims was, in effect, revived for purposes of the 2005 DLRA by the time assessment imposed for the parole violation—and the 2003 conviction.

This would create illogical, if not perverse, results. For example, if Then had *not* broken the law while on parole, he would clearly be ineligible for resentencing on the 1999 conviction under the 2005 DLRA (he would not have been in DOCS's custody, for one thing), leaving him with an indeterminate lifetime sentence.[5] Then's argument boils down to the proposition that, solely because he is a repeat offender, he qualified for relief (possible resentencing to a determinate term for the 1999 conviction) otherwise beyond his reach. Surely the Legislature did not intend fresh crimes to trigger resentencing opportunities.

A valid and more sensible reading of the statutory text is that in order to be eligible for resentencing, an inmate must be more than three years from parole eligibility for the *same* class A-II drug felony for which resentencing is sought. In Then's case, he became ineligible for parole on the 1999 conviction the minute he was, in fact, paroled. We therefore hold that once a defendant has been released to parole supervision for a class A-II drug felony conviction, he or she no longer qualifies for 2005 DLRA relief for that particular conviction (*see People v Hardy*, 49 AD3d 779, 779-780 [2d Dept 2008]; *People v McCloud*, 38 AD3d 1056, 1057 [3d Dept 2007], *lv dismissed* 8 NY3d 947 [2007]; *People v Hernandez*, 46 AD3d 1425, 1426 [4th Dept 2007], *lv dismissed* 9 NY3d 1034 [2008]).

Accordingly, the orders of the Appellate Division in *Mills* and *Then* should be affirmed.

Chief Judge KAYE and Judges CIPARICK, GRAFFEO, SMITH, PIGOTT and JONES concur.

---

**5.** Assuming Then qualifies for postrelease "termination of sentence" under Executive Law § 259-j (3-a), part of the *2004* DLRA (*see* L 2004, ch 738, § 37), this same relief would still be available to him if and when he is once again paroled on his 1999 conviction.