■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT MUNIZ, Appellant. [876 NYS2d 395]—

Order, Supreme Court, New York County (Charles J. Tejada, J.), entered on or about December 4, 2006, which denied defendant's motion to be resentenced pursuant to the Drug Law Reform Act of 2005 (DLRA) (L 2005, ch 643), unanimously affirmed.

The court properly found that defendant was ineligible for resentencing in that he was not more than three years from being eligible for parole (*see People v Bautista*, 26 AD3d 230 [2006], *appeal dismissed* 7 NY3d 838 [2006]). Defendant was sentenced to six years to life in 1984. He first became eligible for parole on September 28, 1989, long before the DLRA was enacted. Rather than being paroled, he was transferred to a federal prison on January 3, 1990 to serve a lengthy federal sentence. At the time of his resentencing motion, his next New York parole eligibility date was November 28, 2008. Although as a practical matter defendant will not be considered for parole until 2020, when he is due to complete his federal sentence, that fact does not expand his right to be resentenced. It is undisputed that without the federal incarceration defendant would have been ineligible for resentencing because he would not have been more than three years from parole eligibility. The Legislature did not intend the "illogical, if not perverse" (*People v Then*, 11 NY3d 527, 537 [2008]) result of granting defendant the benefit of resentencing consideration for which he would otherwise be ineligible, merely because he committed additional crimes.

Defendant is also ineligible for resentencing for the separate reason that he is not in the custody of the Department of Correctional Services (*see* L 2005, ch 643, § 1). Contrary to defendant's contention, jurisdiction and custody are not equivalent. Concur—Andrias, J.P., Friedman, McGuire and Moskowitz, JJ.