■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOAQUIN BUSTAMANTE, Appellant. [878 NYS2d 921]—

Malone Jr., J. Appeal from an order of the County Court of Columbia County (Nichols, J.), entered December 13, 2007, which denied defendant's motion for resentencing pursuant to the Drug Law Reform Act of 2005.

In 1991, defendant was convicted of criminal possession of a controlled substance in the second degree—a class A-II nonviolent felony—and was sentenced to a prison term of four years to life. He was released to parole supervision in 1995 but thereafter incarcerated—most recently in 2007—on three separate occasions for violations of parole. On this appeal, defendant asserts that County Court improperly denied his application for resentencing pursuant to the Drug Law Reform Act of 2005 (L 2005, ch 643, § 1 [hereinafter 2005 DLRA]) without a hearing.

"[O]nce a defendant has been released to parole supervision for a class A-II drug felony conviction, he or she no longer qualifies for 2005 DLRA relief for that particular conviction" (*People v Mills*, 11 NY3d 527, 537 [2008]; *People v McCloud*, 38 AD3d 1056, 1057 [2007], *lv dismissed* 8 NY3d 947 [2007]). Inasmuch as defendant was clearly ineligible, as a matter of law, for resentencing pursuant to the 2005 DLRA, County Court's denial of his application without a hearing was proper (*see People v Salvatierra*, 51 AD3d 1218, 1219 [2008], *lv dismissed* 10 NY3d 964 [2008]). Defendant's remaining arguments have been reviewed and are without merit.

Mercure, J.P., Spain, Kavanagh and McCarthy, JJ., concur. Ordered that the order is affirmed.