■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESUS PRATTS, Appellant. [904 NYS2d 380]—

Order, Supreme Court, Bronx County (John P. Collins, J.), rendered December 1, 2009, which denied defendant's CPL 440.46 motion for resentencing, unanimously affirmed.

Defendant, a reincarcerated parole violator, is not eligible to be resentenced under the 2009 Drug Law Reform Act (DLRA) (L 2009, ch 56). We conclude that the 2009 DLRA, like its predecessors, "was not intended to apply to those offenders who have served their term of imprisonment, have been released from prison to parole supervision, and whose parole is then violated, with a resulting period of incarceration" (*People v Bagby*, 11 Misc 3d 882, 887 [2006]). The purpose of the DRLA resentencing provisions is to relieve prison inmates of onerous sentences of incarceration. This defendant was relieved of his sentence of incarceration when he was paroled, and he could have remained at liberty by adhering to his parole conditions. Moreover, had he done so for two years, he could have also been relieved of his entire sentence, including parole, pursuant to Executive Law § 259-j (3-a). "If defendant had not violated his parole conditions, he would not have been in the custody of the Department of Correctional Services when he moved to be resentenced, and he would therefore have been ineligible for resentencing" (*People v Rodriguez*, 68 AD3d 676 [2009]). There is no reason to believe that the Legislature intended parole violations to trigger resentencing opportunities (*see People v*

*Mills*, 11 NY3d 527, 537 [2008]; *Bagby*, 11 Misc 3d at 887). A statutory interpretation that is "contrary to the dictates of reason or leads to unreasonable results is presumed to be against the legislative intent" (McKinney's Cons Laws of NY, Book 1, Statutes § 143, Comment, at 288).

We have considered and rejected defendant's remaining arguments, including those addressed to the alleged distinctions between the 2009 DRLA and its predecessors. Concur—Tom, J.P., Andrias, Catterson, Moskowitz and Acosta, JJ.

Motion seeking leave to appear and file brief as amicus curiae granted.