■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES F. PHILLIPS, Appellant. [919 NYS2d 88]—

In the Drug Law Reform Act of 2009 (hereinafter 2009 DLRA), the Legislature provided that "[a]ny person in the custody of the department of correctional services convicted of a class B felony offense defined in article two hundred twenty of

the penal law which was committed prior to [January 13, 2005], who is serving an indeterminate sentence with a maximum term of more than three years, may . . . apply to be resentenced" (CPL 440.46 [1]). Although the 2009 DLRA does not reference a person's parole status in determining eligibility, the County Court denied the defendant's motion to be resentenced solely on the basis that his status as a reincarcerated parole violator made him ineligible for such relief. We reverse.

While a person's status as a parole violator may be relevant in determining whether "substantial justice dictates that the application should be denied" on the merits (L 2004, ch 738, § 23; see CPL 440.46 [3]), nothing in CPL 440.46 supports a conclusion that such status renders a person ineligible to apply for resentencing in the first instance. We do not agree with the conclusion of the Appellate Division, First Department, that interpreting the statute to permit parole violators to apply for resentencing would be " 'contrary to the dictates of reason or leads to unreasonable results' " (People v Pratts, 74 AD3d 536, 537 [2010], lv granted 15 NY3d 895 [2010], quoting McKinney's Cons Laws of NY, Book 1, Statutes § 143, Comment, at 288). Although the Court of Appeals has stated that "the Legislature did not intend fresh crimes to trigger resentencing opportunities" (People v Mills, 11 NY3d 527, 537 [2008]), the Court in that case was not concerned with the 2009 DLRA, but with the Drug Law Reform Act of 2005 (L 2005, ch 643, § 1 [hereinafter the 2005 DLRA]), which permits resentencing only if the defendant is not within three years of eligibility for release on parole. In Mills, the defendant Jose Then argued that, after being reincarcerated following his parole violation, he was more than three years away from parole eligibility (People v Mills, 11 NY3d at 532). The Court rejected that argument, since the defendant was continuing to serve his sentence on the original conviction, during which he had already become eligible for parole (and, in fact, had been released on parole), and thus he could not be considered to be more than three years away from parole eligibility with respect to that conviction. Accordingly, the Court held that "once a defendant has been released to parole supervision for a class A-II drug felony conviction, he or she no longer qualifies for 2005 DLRA relief for that particular conviction" (id. at 537). That is to say, such a defendant is no longer more than three years away from parole eligibility. Inasmuch as the 2009 DLRA contains no requirement that a defendant be more than three years away from parole eligibility, Mills does not apply to motions for resentencing under the 2009 DLRA. We therefore decline to follow the decisions in Pratts and People v Paulin (74 AD3d 685 [2010], lv granted 15 NY3d 854 [2010]).

Accordingly, we remit the matter to the County Court, Orange County, for further proceedings and a new determination of the defendant's motion. Mastro, J.P., Dillon, Eng and Chambers, JJ., concur.