■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN GARCIA, Appellant. [923 NYS2d 324]—

Order, Supreme Court, Bronx County (John P. Collins, J.), entered December 9, 2009, which denied defendant's CPL 440.46 motion for resentencing, unanimously affirmed.

Defendant was released on parole shortly after he filed his

resentencing motion. Accordingly, the court correctly determined that defendant had lost his eligibility for resentencing, and denied the motion on that basis (*see* CPL 440.46 [1]; *see also People v Orta*, 73 AD3d 452 [2010], *lv denied* 15 NY3d 755 [2010]). "The purpose of the [Drug Law Reform Act] resentencing provisions is to relieve prison inmates of onerous sentences of incarceration" (*People v Pratts*, 74 AD3d 536, 536 [2010], *lv granted* 15 NY3d 895 [2010]). Only persons in custody are permitted to apply for resentencing. A reduction in an inmate's prison term may have the incidental effect of also reducing his or her supervisory term by replacing parole with a shorter term of postrelease supervision (*see* Penal Law § 70.70 [3] [b]). Nevertheless, it is clear from the legislative scheme that resentencing under the Drug Law Reform Act of 2009 and its predecessors was not intended to provide a remedy for a defendant who no longer has a prison term for the court to reduce, and who only seeks a reduction in the supervisory portion of a sentence. Instead, the Legislature provided that parolees could earn relief from supervision by way of Executive Law § 259-j (3-a). Concur—Gonzalez, P.J., Mazzarelli, Richter, Manzanet-Daniels and Román, JJ.