[924 NYS2d 602]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC CHATHAM, Appellant.

Third Department, June 2, 2011

**APPEARANCES OF COUNSEL**

*Timothy S. Brennan*, Schenectady, for appellant.

*Robert M. Carney, District Attorney*, Schenectady (*Gerald A. Dwyer* of counsel), for respondent.

**OPINION OF THE COURT**

STEIN, J.

Defendant was convicted after a jury trial of criminal sale of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the third degree (three counts) and attempted criminal sale of a controlled substance in the third degree. County Court sentenced defendant to an aggregate prison term of 4 to 12 years. The judgment of conviction was affirmed on appeal (55 AD3d 1045, 1046 [2008], *lv denied* 14 NY3d 839 [2010]). Defendant was released on parole in 2008, but thereafter violated the terms of his parole[1] and was reincarcerated. Defendant then moved for resentencing pursuant to CPL 440.46. County Court denied the motion without a hearing on the basis that he was not eligible for resentencing under that statute. Defendant now appeals and we affirm.

Neither this Court nor the Court of Appeals has previously addressed the issue of whether a parole violator is eligible for resentencing pursuant to the Drug Law Reform Act of 2009 (L 2009, ch 56 [hereinafter 2009 DLRA], as codified in CPL 440.46). By its terms, CPL 440.46 applies to "[a]ny person in the custody of the department of correctional services [hereinafter DOCS] convicted of a class B felony offense defined in [Penal Law article 220] which was committed prior to January [13, 2005], who is serving an indeterminate sentence with a maximum term of more than three years" (CPL 440.46 [1]). The purpose of this provision was to " 'extend[ ] the availability of reduced sentencing under the Drug Law Reform Act of 2004 to individuals convicted of class B drug felonies' " (*People v Samuels*, 80 AD3d 1077, 1078 [2011], quoting *People v Colon*, 77 AD3d 849, 850 [2010], *lv denied* 15 NY3d 952 [2010]; *see* L 2004, ch 738 [hereinafter 2004 DLRA]; L 2005, ch 643 [hereinafter 2005 DLRA]).[2] Despite defendant's apparent compliance with CPL 440.46 (1), there is a split of authority as to whether his status as a parole violator renders him ineligible for its benefits.

The Court of Appeals has held that "once a defendant has been released to parole supervision for a class A-II drug felony

---

1. The record reflects that defendant was arraigned on charges of burglary in the second degree and criminal contempt in the second degree on July 10, 2009 and was thereafter indicted on said charges.

2. The 2005 DLRA, among other things, extended the opportunity to apply for reduced sentencing provided by the 2004 DLRA to individuals convicted of certain class A-II nonviolent drug felonies.

conviction, he or she no longer qualifies for 2005 DLRA relief for that particular conviction" (*People v Mills*, 11 NY3d 527, 537 [2008]). That Court reasoned that, "if [the defendant] had *not* broken the law while on parole, he would clearly be ineligible for resentencing . . . under the 2005 DLRA (he would not have been in DOCS's custody, for one thing) . . . Surely the Legislature did not intend fresh crimes to trigger resentencing opportunities" (*id.*). Based upon the rationale of the Court of Appeals in *People v Mills* (*supra*), the First Department has held that an inmate who is released on parole and subsequently reincarcerated for a parole violation is similarly ineligible for resentencing under the 2009 DLRA (*see People v Pratts*, 74 AD3d 536, 536-537 [2010], *lv granted* 15 NY3d 895 [2010]; *see also People v Cuello*, 77 AD3d 500 [2010], *lv denied* 15 NY3d 952 [2010]; *People v Paulin*, 74 AD3d 685 [2010], *lv granted* 15 NY3d 854 [2010]). However, in *People v Phillips* (82 AD3d 1011, 1012 [2011], *lv granted* 16 NY3d 834 [2011]), the Second Department reached a contrary conclusion based upon differences in the language between the 2009 DLRA and the 2005 DLRA.[3]

We find more persuasive the reasoning of the First Department that, inasmuch as "[t]he purpose of the [DLRA] resentencing provisions is to relieve prison inmates of onerous sentences of incarceration . . . and [defendant] could have remained at liberty by adhering to his parole conditions" (*People v Pratts*, 74 AD3d at 536)—in which case he would not be eligible for resentencing because he would not be in the custody of DOCS—it would be "contrary to the dictates of reason" to presume that the Legislature intended his parole violations to trigger resentencing opportunities that would otherwise be unavailable (*id.* at 536-537 [internal quotation marks and citation omitted]; *see People v Rodriguez*, 68 AD3d 676 [2009]; *People v Bustamante*, 62 AD3d 1209 [2009], *lv dismissed* 13 NY3d 742 [2009]; *People v McCloud*, 38 AD3d 1056, 1057 [2007], *lv dismissed* 8 NY3d 947 [2007]). Accordingly, we conclude that

---

3. Specifically, the 2009 DLRA does not contain the requirement set forth in the 2005 DLRA that a defendant be more than three years away from parole eligibility. In *Mills*, the Court of Appeals noted that, since the defendant Jose Then had already become eligible for parole with respect to his initial conviction (and, in fact, had been released on parole), he could not be considered to be more than three years away from parole eligibility in connection with that conviction (*People v Mills*, 11 NY3d at 537; *see People v Phillips*, 82 AD3d at 1012).

County Court properly determined here that defendant was ineligible for resentencing and denied his motion without a hearing.

PETERS, J.P., SPAIN, ROSE and EGAN JR., JJ., concur.

Ordered that the order is affirmed.

**[Decision vacated and a new decision substituted at the direction of the Appellate Division, Third Department,** *see* **88 AD3d —, 2011 NY Slip Op 07308.]**