■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAMAR O. BROWN, Appellant. [999 NYS2d 655]—

Appeal from an order of the Supreme Court, Erie County (Penny M. Wolfgang, J.), entered December 19, 2012 pursuant to the 2005 Drug Law Reform Act. The order denied the application of defendant for resentencing upon his conviction of criminal possession of a controlled substance in the second degree.

It is hereby ordered that the order so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from an order denying his application for resentencing upon his 2004 conviction of criminal possession of a controlled substance in the second degree (Penal Law § 220.18 [former (1)]) pursuant to the 2005 Drug Law Reform Act (L 2005, ch 643, § 1). We conclude that

Supreme Court properly denied the application for resentencing because defendant, at the time of his application, was eligible for parole and thus was ineligible for resentencing (*see People v Mills*, 11 NY3d 527, 534 [2008]; *People v Smith*, 45 AD3d 1478, 1479 [2007]). In any event, we further conclude that the court providently exercised its discretion in determining that substantial justice would have dictated denial of the application had defendant been eligible for resentencing (*see People v Dominguez*, 88 AD3d 901, 901 [2011], *lv denied* 18 NY3d 882 [2012]; *People v Savinan*, 59 AD3d 247, 247 [2009], *lv dismissed* 12 NY3d 787 [2009]; *People v Flores*, 50 AD3d 1156, 1156 [2008], *lv dismissed* 10 NY3d 934 [2008]). Present—Scudder, P.J., Peradotto, Carni, Lindley and Sconiers, JJ.