■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELIX SUYA, Appellant. [744 NYS2d 315] —Judgment, Supreme Court, Bronx County (Richard Price, J.), rendered May 17, 1999, convicting defendant, after a jury trial, of criminal sale of a controlled substance in or near school grounds and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 11 to 22 years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the sentences to concurrent terms of 6 to 12 years, and otherwise affirmed, and judgment, same court (Patricia Williams, J.), rendered June 1, 1999, convicting defendant, upon his plea of guilty, of two counts of bail jumping in the first degree, and sentencing him to consecutive terms of 3 to 6 years, consecutive to the sentences imposed on the controlled substance convictions, unanimously modified, on the law, to the extent of directing that the sentences be served concurrently with each other but consecutively to the sentences on the controlled substance convictions, and otherwise affirmed.

Defendant's various challenges to the admission of expert testimony concerning the roles of participants in street-level narcotics operations are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find that there was sufficient indication that defendant may have acted with one or more accomplices to justify the introduction of such testimony, and that the testimony was proper in all respects (*see, People v Brown*, 97 NY2d 500).

It was improper to impose consecutive sentences for defendant's two convictions of bail jumping since the offenses arose from defendant's single act of failing to appear, on the same date, as to two cases calendared together (Penal Law § 70.25 [2]; *People v Laureano*, 87 NY2d 640).

We find the sentences excessive to the extent indicated. Concur—Williams, P.J., Andrias, Lerner, Rubin and Friedman, JJ.