OPINION OF THE COURT
Barry Kron, J.
The defendant has moved to be resentenced pursuant to Criminal Procedure Law § 440.46.[1]
In this case, defendant was indicted for criminal sale of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the fifth degree (two counts), criminal use of drug paraphernalia in the second degree (two counts), and unlawful possession of marijuana (Queens County indictment No. QN12852-96).
Defendant pleaded guilty on October 17, 1997 to criminal sale of a controlled substance in the third degree, a class B felony. In exchange for his guilty plea, defendant was to be sentenced on November 3, 1997 to a term of incarceration of either 2 to 6 years, if a previous conviction was overturned by the Appellate Division, or a term of 4[1]/2 to 9 years, if the previous felony conviction was not reversed and he was considered a predicate felon. At the time of his plea, defendant was told by the court that if he failed to return for sentencing he would face 8[1]/3 to 25 years’ or I2V2 to 25 years’ incarceration, depending on whether he was considered a predicate felon (see plea minutes, Oct. 17, 1997, annexed as People’s exhibit A).
On November 3, 1997, defendant failed to appear for sentencing and a bench warrant was issued for his arrest.
On December 18, 2008, defendant was returned involuntarily on the outstanding bench warrant after being arrested for burglary. At that time defendant also had a pending indictment for bail jumping in the first degree (Queens County indictment No. N10464-02), as a result of his failure to return for sentencing. On March 31, 2009, defendant was finally sentenced in this matter to an indeterminate term of imprisonment of 7 to 21 years.[2] Defendant is currently incarcerated pursuant to this sentence.
*930 On April 3, 2009, defendant pleaded guilty to bail jumping under indictment No. N10464-02 and was sentenced to one year’s incarceration, to run concurrent with the drug sentence.
On November 12, 2009, defendant pleaded guilty to burglary in the second degree (Penal Law § 140.25 [2]), a violent felony offense, and was sentenced on December 2, 2009 to a term of 3V2 years’ incarceration and five years’ postrelease supervision, to run concurrent with the drug sentence (Queens County indictment No. 650-09 [also known as Anthony Haynes]). Defendant is currently incarcerated pursuant to this sentence.
This motion was filed with the court on March 26, 2010.
The People allege that the underlying charges in the indictment stem from an incident on December 4, 1996, where defendant, acting in concert with another, sold cocaine to an undercover police officer. Prerecorded buy money was recovered from defendant’s person and additional drugs and paraphernalia were recovered from the location of occurrence upon execution of a search warrant.
Defendant’s criminal history dates back to 1977. A full recitation of his criminal justice contacts is contained in the court file. Defendant’s conditional release date is December 10, 2022 and his maximum expiration date is December 10, 2029 (see Department of Correctional Services printout, May 19, 2010, annexed as part of the court file).
In determining this motion, the court has conducted a hearing, considered the moving papers of the defendant, the response of the People, and the court records.
Defendant argues that he should be resentenced in accordance with the 2009 Drug Law Reform Act (DLRA), which enacted CPL 440.46, authorizing resentencing for eligible defendants convicted of class B felony drug offenses if certain criteria are met.
The People argue that defendant should not be resentenced because he does not meet the eligibility criteria for resentencing. The People also argue that even if defendant were eligible to be resentenced, substantial justice dictates that his application for resentencing be denied.
CPL 440.46, as created by the 2009 DLRA, provides that a person is eligible for resentencing when such individual is in the custody of the New York State Department of Correctional Services, has been convicted of a class B felony drug offense committed prior to January 13, 2005, and when such person *931 was sentenced to an indeterminate term with a maximum term of more than three years, except as provided in subdivision (5) of CPL 440.46. At issue in this resentencing application is whether defendant is eligible to be resentenced because of his violent felony conviction, which occurred after the class B drug offense upon which he now seeks resentencing.
CPL 440.46 (5) provides,
“[t]he provisions of this section shall not apply to any person who is serving a sentence on a conviction for or has a predicate felony conviction for an exclusion offense. For purposes of this subdivision an ‘exclusion offense’ is:
“(a) a crime for which the person was previously convicted within the preceding ten years, excluding any time during which the offender was incarcerated for any reason between the time of commission of the previous felony and the time of the commission of the present felony, which was: (i) a violent felony offense as defined in section 70.02 of the penal law; or (ii) any other offense for which a merit time allowance is not available.”
Initially, the time of the filing of his resentencing application is controlling for purposes of reviewing the look-back period for exclusion offenses. As held by other courts of concurrent jurisdiction, this court finds that the controlling time period under CPL 440.46 (5), which excludes resentencing eligibility for individuals serving a sentence for an exclusion offense, is to be measured from the time of the filing of the application, i.e., March 26, 2010 (see People v Brown, 26 Misc 3d 1204[A], 2010 NY Slip Op 50000[U] [Sup Ct, NY County, Jan. 4, 2010] [exclusion offenses should be measured from the date of the defendant’s application for resentencing to reflect the legislative intent];[3] People v Roman, 26 Mise 3d 784 [Sup Ct, Bronx County, Dec. 4, 2009] [plain meaning of statute contemplates eligibility determinations from present date, time of filing motion]; see *932 also People v Walltower, 27 Misc 3d 1205[A], 2010 NY Slip Op 50558[U] [Sup Ct, Queens County, Apr. 6, 2010]).
This court rejects defendant’s argument that because his violent felony conviction for burglary in the second degree occurred after the felony drug offense upon which he now seeks resentencing, he is eligible for resentencing under the DLRA.
Consistent with the Court of Appeals’ rationale in People v Mills and People v Then (11 NY3d 527 [2008] [Mills/Then]), resentencing opportunities should not be available where a strict statutory reading would be inconsistent with the legislative intent behind the statute.
The issue in Mills/Then concerned whether a defendant released on parole and thereafter violated and reincarcerated on a class A-II felony drug conviction was considered eligible for resentencing. This depended on whether he was considered “in custody” for purposes of DLRA relief. Thus, the issue of eligibility for resentencing under the drug laws was explored by the Court of Appeals in its decision, although within a different context. In Mills/Then, the Court held that “once a defendant has been released to parole supervision for a class A-II drug felony conviction, he or she no longer qualifies for 2005 DLRA relief for that particular conviction” (11 NY3d at 537). In discussing defendant Then, the Court stated, “if Then had not broken the law while on parole, he would clearly be ineligible for resentencing . . . [H]e would not have been in DOCS’s custody, for one thing.” (Id.) Therefore, the Court did not afford the defendant eligibility for resentencing for violating parole and being reincarcerated. The Court summarized defendant’s argument as follows: “solely because he is a repeat offender, he qualified for relief (possible resentencing . . .) otherwise beyond his reach. Surely the Legislature did not intend fresh crimes to trigger resentencing opportunities” (id. [emphasis added]).
Applying this rationale leads to the determination that the Legislature did not intend for individuals who commit new violent felony crimes to resurrect their eligibility for resentencing opportunities. Defendant herein absconded for approximately 11 years, never voluntarily returned for sentencing, and was only involuntarily returned upon his arrest for burglary, a violent felony offense that he later pleaded guilty to. It would be contrary to the law’s intent to allow the defendant to benefit for resentencing eligibility purposes by absconding and committing a new violent crime subsequent to the drug offense for which he seeks resentencing.
*933 Furthermore, it would be inconsistent for this court to find that the time of the filing of defendant’s application controls the 10-year look-back period for eligibility, but then not consider defendant’s violent felony offense conviction, which falls within that 10-year period, just because it occurred subsequent to the drug charge. Notably, defendant was not before the court of his own volition, having warranted before sentencing in this matter when he committed this violent felony.
As an alternative holding, if this court were to address the substantive arguments of defendant’s resentencing application, substantial justice dictates that this defendant not be resentenced.[4]
When an eligible defendant applies to the court for resentencing, the court is to apply the procedures as was done when class A-I drug offenders were allowed to apply for resentencing (see L 2004, ch 738). The DLRA of 2004 provides that upon “its review of the submissions and the findings of fact made in connection with the application” the court may refuse to resentence such person where “substantial justice dictates that the application should be denied” (id. § 23). The court “may consider any facts or circumstances relevant to the imposition of a new sentence which are submitted by such person or . the [P]eople and may, in addition, consider the institutional record of confinement of such person” (id.). Additionally, the court may consider the defendant’s willingness or lack thereof to participate in eligible treatment or other programs while incarcerated. The court may also consider the defendant’s disciplinary history (L 2009, ch 56, part AAA, § 9, adding CPL 440.46 [3]).
Defendant has participated in a welding and pre-GED program since December 21, 2009. His progress report indicates that he has successfully completed phase I of the welding program. As of March 2010 his progress report from welding class indicates that he does not cause any problems in class. His March 2010 progress report from his pre-GED program states that he is making good progress in math and reading.
Defendant has one tier II infraction, for violating a direct order on June 3, 2009. He received 15 days of “keeplock” for this infraction.
As previously stated, defendant’s criminal history dates back to 1977. His past history, although somewhat distant for his vi *934 olent felony convictions of robbery in the first degree, robbery in the second degree, and attempted robbery on three different occasions, is noteworthy. Defendant’s recent violent felony conviction in December 2009 was for burglary in the second degree. Defendant has also been convicted of first degree bail jumping for failing to return for sentencing in this matter. Defendant was involuntarily returned to court in this matter as a result of his burglary arrest. He absconded and was absent for approximately 11 years despite the court’s admonition to return for sentencing.
This court has reviewed the letters seeking leniency written on defendant’s behalf. It appears that defendant established community ties during the period he absconded from the court’s jurisdiction.
Nevertheless, after reviewing defendant’s contacts with the criminal justice system, as outlined herein, carefully reviewing the parties’ submissions, and conducting a hearing in this matter, it is the court’s view that the defendant’s past and recent criminal history and his failure to obey court directives warrant a finding that substantial justice dictates that defendant’s application for resentencing be denied on the merits. In sum, had defendant been eligible for resentencing, this court would have denied his application based on the court’s consideration of all matters contained in the motion papers and the hearing conducted on this issue.
Under these circumstances, this court finds that defendant is not eligible for resentencing, and having considered the merits, had defendant been eligible, he would not be resentenced pursuant to the DLRA because substantial justice dictates otherwise.

. This section was enacted pursuant to the 2009 drug law reform legislation with an effective date of October 7, 2009.

. Defendant was not sentenced as a predicate because the prior felony was reversed (People v Burnett, 149 AD2d 717 [1989]).

. In Brown, in its analysis of the purpose of the Drug Law Reform Acts, the court notes that the Legislature’s purpose in enacting these laws was to ameliorate the harsh sentences being given to certain felony drug offenders. However, the court also points out that the Legislature has consistently treated drug offenders with prior violent felony convictions harsher than those offenders without a violent felony offense. The 2004 DLRA actually increased the mandatory minimum sentence for offenders that had a prior violent felony conviction (id.). The 2009 DLRA reduced sentences for offenders with prior nonviolent felonies but did not reduce the sentence minimum for those with prior violent felonies.

. A hearing was conducted so that this court could address the merits of defendant’s application. Nevertheless, the resentencing was denied because defendant was ineligible as outlined herein.