OPINION OF THE COURT
Richard Lee Price, J.
By motion submitted November 18, 2010, defendant moves pursuant to CPL 440.46 (added by Drug Law Reform Act of 2009 [L 2009, ch 56, part AAA, § 9] [DLRA 3]) for resentencing in accordance with Penal Law §§ 60.04 and 70.70 to a determinate term of six years’ imprisonment with IV2 years’ postrelease supervision. The District Attorney, while not contesting defendant’s eligibility for such relief, strenuously opposes his *635 request based on his extensive criminal record and poor institutional record of confinement.
After conducting a hearing on defendant’s motion and considering the oral arguments made by both the defendant and the People, as well as having reviewed the parties’ respective papers submitted in support, prior court proceedings and documents on file, this court denied defendant’s motion. This expands that decision.
Background and Procedural History
On July 22, 1997, officers assigned to the New York City Police Department’s Narcotics Division were conducting a short-term undercover operation for the purchase of heroin. At approximately 12:45 p.m. in the area of 1967 Marmion Avenue, Bronx County, the defendant, while acting with two other male individuals, sold a quantity of heroin to an undercover police officer. Defendant was arrested and charged by indictment with criminal sale of a controlled substance in or near school grounds (Penal Law § 220.44 [2]) and criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]). On November 24, 1998, a jury convicted him of both offenses.
On May 17, 1999, this court adjudicated the defendant a second felony offender and entered judgment against him, imposing two indeterminate concurrent terms of 22 years’ imprisonment with a mandatory minimum period of 11 years. The basis of that adjudication was a judgment of conviction entered on January 9, 1997 for attempted robbery in the second degree (Penal Law §§ 110.00,160.10 [1]), a class D violent felony offense.[1]
On June 13, 2002, the Appellate Division, First Department, affirmed defendant’s conviction (People v Suya, 295 AD2d 173 [1st Dept 2002]), but modified his sentence to an indeterminate term of 12 years’ imprisonment with a mandatory minimum period of six years. On September 8, 2002, the Court of Appeals denied defendant’s application for leave to appeal (People v Suya, 98 NY2d 732 [2002]).
Subsequently, defendant obtained several additional felony convictions. On May 10, 1999, he was convicted of two counts of bail jumping in the first degree (Penal Law § 215.57) and sentenced to two indeterminate concurrent terms of six years’ imprisonment with a mandatory minimum period of three years.
*636 On December 15, 1999, another judgment of conviction was entered against this defendant for robbery in the second degree (Penal Law § 160.10 [2] [a]), a class C violent felony offense, and criminal sale of a controlled substance in the fifth degree (Penal Law § 220.31). This court imposed two concurrent determinate terms of imprisonment, five years and four years, respectively.
While incarcerated, the defendant obtained yet another felony conviction for promoting prison contraband in the first degree (Penal Law § 205.25 [2]). A sentence of three years’ imprisonment with a mandatory minimum period of 18 months was imposed.
Drug Law Reform Act
The Drug Law Reform Act (DLRA) was enacted in response to the sentencing policies under New York’s Rockefeller Drug Laws (L 2004, ch 738). Such reform was intended to ameliorate the sentences imposed on individuals who had committed class A-I and class A-II felony drug offenses (DLRA 1 and DLRA 2, respectively). Subsequently, in 2009, the Legislature enacted the DLRA 3, which extended sentencing relief to those convicted of class B, C, and D felony drug offenses. Under the DLRA 3, a qualified applicant convicted of a class B felony drug offense is entitled to a reduced determinate sentence in accordance with sections 60.04 and 70.70 of the Penal Law (see CPL 440.46 [1]) if he: (1) is in the custody of the Department of Correctional Services; (2) has been convicted of a class B felony offense as defined in article 220 of the Penal Law; (3) committed the crime prior to January 13, 2005; (4) is serving an indeterminate sentence with a maximum term of more than three years; and (5) has not been convicted of an exclusion offense as defined in CPL 440.46 (5).
Here, the defendant: (1) is currently in the custody of the New York State Department of Correctional Services at Attica Correctional Facility; (2) was convicted of criminal sale of a controlled substance in or near school grounds (Penal Law § 220.44 [2]) and criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), both class B felonies; (3) committed such crimes on July 22, 1997; and (4) is currently serving an indeterminate term of 12 years’ imprisonment with a mandatory minimum period of six years. This court finds, however, that defendant has been convicted of an exclusion offense as defined in CPL 440.46 (5), thus rendering him ineligible for resentencing under CPL 440.46 (1).
*637 CPL 440,46 (5) (a)
CPL 440.46 (5) states that “[t]he provisions of this section shall not apply to any person who is serving a sentence on a conviction for or has a predicate felony conviction for an exclusion offense.” Pursuant to CPL 440.46 (5) (a), an “exclusion offense” is
“a crime for which the person was previously convicted within the preceding ten years, excluding any time during which the offender was incarcerated for any reason between the time of commission of the previous felony and the time of commission of the present felony, which was: (i) a violent felony offense as defined in section 70.02 of the penal law.”
Initially, this court notes that the look-back period language, “a crime for which the person was previously convicted within the preceding ten years,” is far from clear and unambiguous. When considering the meaning of a statute that is less than clear and unambiguous, a court would ordinarily examine its legislative history. In this case, however, CPL 440.46 was enacted without any such historical record (see People v Brown, 26 Misc 3d 1204[A], 2010 NY Slip Op 50000[U] [Sup Ct, NY County 2010, Conviser, J.] [observing that the bill jacket for the DLRA 3 contained only the bill itself, due to its enactment as part of a budget bill, and lacked the typical submissions from advocacy groups, government agencies and legislators]). As such, the legislative history offers no insight as to when the look-back period should begin, and this court must look elsewhere to decipher the Legislature’s intent. Additional insight into the intentions of the Legislature can be ascertained, however, by examining the context in which CPL 440.46 was drafted.
As part of a series of statutory reforms designed to ameliorate the overly harsh punishments handed out to low level drug offenders under New York’s Rockefeller Drug Laws, the New York Legislature enacted the DLRA 3. The Legislature enacted these reforms because of the belief that low level drug offenders’ punishments outweighed their crimes and that research suggested better, more humane, less costly alternatives to incarceration existed. Considering the DLRA in its entirety, it is clear that the very spirit of the DLRA 3 is to reduce the sentences of low level, nonviolent felony drug offenders. Therefore, “it is appropriate to resolve any ambiguity [in the language of CPL 440.46 (5) (a)] in favor of the more ameliorative, rather than the more punitive, construction” (People v Danton, 27 Misc 3d 638, 644 [Sup Ct, NY County 2010, Kahn, J.]).
*638 Since similar look-back language appears in the recidivist laws codified in Penal Law § 70.06, it has been argued that the DLRA look-back language be applied in the same manner. Such reasoning is flawed, however, because the purpose of the recidivist laws is entirely in conflict with the ameliorative purpose of GPL 440.46. The DLRA statutes were enacted to reduce, rather than to extend, the eligible defendant’s sentence.
To illustrate, an individual convicted of a class B felony drug charge nine years and 364 days after having been convicted of a violent felony offense would be precluded from applying for a reduced sentence under the DLRA 3, whereas the same defendant convicted of that violent felony offense two days earlier would be entitled to do so. While this result makes sense in the context of the recidivist statutory scheme, since the purpose of those statutes is to impose more severe punishment on persons who continue to commit felonies relatively soon after having been subjected to punishment for similar felonious conduct, the same cannot be said of the DLRA statutory scheme. In the DLRA 3 context,
“adopting an interpretation of the statute which permits defendants to age into eligibility for resentencing is more in keeping with the overall purposes of the DLRA-3, as well as with those of the DLRA and the DLRA-2, by allowing prisoners to distance themselves from their past misbehavior and demonstrate progress in rehabilitation” (Danton at 644).
Additionally, Penal Law § 70.06 defines a predicate felon as one convicted of a felony within the previous 10 years of the date of commission of the instant felony (Penal Law § 70.06 [1] [b] [iv]). Presumably, the Legislature was aware of the language in Penal Law § 70.06, and considered such language when drafting GPL 440.46 (5). The absence of such language in GPL 440.46 (5) (a), compared to the express language in Penal Law § 70.06, further strengthens the conclusion that the look-back period should commence from the day the resentencing application is filed, not the date on which the instant felony was committed. While this court need not seek additional support for its conclusion, several lower courts have indeed interpreted GPL 440.46 (5) (a) as such. The court in People v Brown (26 Misc 3d 1204[A], 2010 NY Slip Op 50000[U], *8 [2010]), stated that
“[t]here are valid linguistic arguments for why the reference point for the ten year look-back provision might be read as the People contend. . . . But no *639 amount of verbal parsing can overcome the plain fact that the most natural construction of the law is to read its reference point as the date of a resentencing application.”
The same conclusion was reached in People v Roman (26 Misc 3d 784 [Sup Ct, Bronx County 2009, Mogulescu, J.]) and People v Williams (Sup Ct, NY County, Dec. 23, 2009, Pickholz, J., index Nos. 9280/1999, 5364/2004). In Williams, Justice Pickholz stated,
“[although it is far from impossible to read the statute in the manner [the People] argue, it requires willful effort to do so. The more natural reading of [CPL 440.46 (5) (a)] is that the ten-year period looks back from the present, i.e., the date of the filing of the application.”
In construing CPL 440.46 (5) (a), the Danton court followed the reasoning set forth in both Brown and Williams (Danton, 27 Misc 3d 638). That court, after a lengthy and well-reasoned analysis, stated, “the natural and obvious meaning of ‘within the preceding ten years’ is the 10-year period immediately preceding the date of filing of the resentencing application” {id. at 642).
In fact, courts have generally not, as of yet, accepted an alternative interpretation of CPL 440.46 (5) (a). As such, this court finds no basis to depart from the reasoning articulated in Brown, Williams and Danton, and agrees that the natural reading of CPL 440.46 (5) (a) requires this court to measure the look-back period from the date on which the resentencing application is filed. In this regard, then, defendant does not have an exclusion offense. The CPL 440.46 (5) analysis, however, does not end there.
CPL 440.46 (5) (b)
For purposes of CPL 440.46 (5) (b), an “exclusion offense” is a second violent felony offense pursuant to section 70.04 of the Penal Law or a persistent violent felony offense pursuant to section 70.08 of the Penal Law for which the person has previously been adjudicated.
Penal Law § 70.04 (1) (a) defines a “second violent felony offender” as “a person who stands convicted of a violent felony offense as defined in subdivision one of section 70.02 after having previously been subjected to a predicate violent felony conviction as defined in paragraph (b) of this subdivision.”
Pursuant to Penal Law § 70.04 (1) (b), “a predicate violent felony conviction” must have been a violent felony offense as *640 defined in Penal Law § 70.02 (1), for which the sentence must have been imposed before commission of the present felony and not more than 10 years before commission of the felony, subject to the tolling provision specified in section 70.04 (1) (b) (v) that exempts any period of time during which the defendant was incarcerated.
Here, as noted above, a judgment of conviction was entered against defendant on January 9, 1997, for attempted robbery in the second degree, a class D violent felony offense pursuant to Penal Law § 70.02 (1) (c). Thereafter, on July 22, 1998, defendant committed the offense of robbery in the second degree, a class C violent felony offense pursuant to Penal Law § 70.02 (1) (b). On December 15, 1999, a judgment of conviction was entered against him for that offense. Since the 1999 conviction was obtained within 10 years of the 1997 predicate violent felony conviction, it indeed constitutes his second violent felony offense in accordance with Penal Law § 70.04 (1) (a).[2] The question, then, is whether it also constitutes an exclusion offense for purposes of CPL 440.46 (5) (b). This court finds that it does.
Defendant claims his 1999 robbery conviction is not an exclusion offense “because it did not precede [his] conviction on the instant drug offenses.”[3] Relying on the language contained in CPL 440.46 (5) (a) that an “exclusion offense” is “a crime for which the person was previously convicted within the preceding ten years” (emphasis added), he argues that since the 1999 robbery occurred after the commission, conviction, and sentence on the drug offenses, it is not within the 10-year look-back period and, therefore, does not constitute an exclusion offense. Notwithstanding that the District Attorney neither opposed nor addressed defendant’s claim, this court disagrees.
While courts have widely interpreted the 10-year look-back language as commencing on the date a DLRA motion is filed, *641 few courts have analyzed or interpreted the meaning of “previously convicted.” Defendant asserts it ought to be understood as a felony conviction obtained prior to the conviction date for which resentencing is sought. Such an interpretation, however, squarely conflicts with the purpose of the look-back language. DLRA relief was intended to allow defendants to age into resentencing eligibility by “distancing] themselves from their past misbehavior and demonstrate progress in rehabilitation” (Panton at 644). Crimes, particularly violent ones, committed subsequent to the drug offense for which resentencing is sought hardly demonstrates such progress. Thus, as a matter of statutory interpretation,
“it would be inconsistent for this court to find that the time of the filing of defendant’s application controls the 10-year look-back period for eligibility, but then not consider defendant’s violent felony offense conviction, which falls within that 10-year period, just because it occurred subsequent to the drug charge” (People v Burnett, 28 Misc 3d 928, 933 [Sup Ct, Queens County 2010, Kron, J.]).
“[Previously convicted” must therefore be understood as any conviction obtained prior to the date on which defendant filed his motion, regardless of whether such conviction occurred after the drug offense.
Defendant’s claim must also be rejected because CPL 440.46 (5) (b) contains no 10-year look-back eligibility provision. CPL 440.46 (5) (b) simply and clearly defines an “exclusion offense” as “a second violent felony offense . . . for which the person has previously been adjudicated” pursuant to either Penal Law § 70.04 or § 70.08. Those sections, of course, merely provide that a defendant will be adjudicated a second violent offender when two violent felony offenses were committed within 10 years of each other subject to the tolling of any periods of incarceration. To be sure, nothing contained in CPL 440.46 (5) (b) can be reasonably construed as requiring that such violent felony convictions must have preceded the drug offenses for purposes of determining DLRA eligibility (see CPL 440.46 [5] [b]).
Since the 1999 judgment of conviction was obtained within 10 years of the attempted robbery, the defendant is a second violent felony offender in accordance with Penal Law § 70.04. As such, this court finds that the 1999 conviction is indeed an *642 “exclusion offense,” thus rendering defendant ineligible for CPL 440.46 relief.
Merits of Defendant’s Motion
Eligibility aside, if this court were to entertain defendant’s application it would nevertheless be denied. Generally, the court “shall” grant a DLRA application “unless substantial justice dictates that the application should be denied” (L 2004, ch 738, § 23; see also People v Arana, 32 AD3d 305, 307 [1st Dept 2006]). Here, defendant’s criminal history and institutional record of confinement require such denial.
Defendant’s Criminal History
Defendant has an extensive criminal history. Since his conviction for the drug offenses that are the subject of this application, defendant has obtained seven convictions, five of which are felonies.[4] In addition to the 1999 robbery conviction that rendered him a second violent felony offender, the defendant was convicted of two counts of bail jumping in the first degree (Penal Law § 215.57), criminal sale of a controlled substance in the fifth degree (Penal Law § 220.31), and, while incarcerated, promoting prison contraband in the first degree (Penal Law § 205.25 [2]).
Defendant’s Institutional Record of Confinement
While in prison, defendant has accrued 48 disciplinary incidents, including several violations for fighting, assaults on staff personnel, drug use, harassment and possession of contraband. In fact, during his period of incarceration, the defendant has spent 2,197 days, or more than six years, in the special housing unit for disciplinary infractions. Even when enrolled in or attending institutional programs such as general educational development and alcohol and substance abuse treatment, he was repeatedly removed for disciplinary reasons.
Although it is commendable that the defendant eventually earned his high school equivalency diploma and has improved his reading level, his continued course of criminal conduct, even while incarcerated, and obstreperous institutional behavior hardly demonstrates an attempt to distance himself from past misbehavior or progress in rehabilitation. Accordingly, substan *643 tial justice dictates that the defendant’s application would nevertheless have been denied, even if it had been considered.
Defendant’s motion for resentencing pursuant to CPL 440.46 is therefore denied.

. This court imposed a term of five years’ probation with six months’ imprisonment.

. This court notes the irrelevance of whether a defendant is actually sentenced as a predicate violent felon in determining a CPL 440.46 motion. A “ ‘predicate felony conviction’ has its natural meaning, and includes an earlier felony conviction, regardless of whether the defendant had been previously adjudicated a predicate felon based upon that conviction” (People v Danton, 27 Misc 3d 638, 652 [2010]). Accordingly, as long as the defendant was convicted of two violent felonies in accordance with Penal Law § 70.04, such convictions qualify as second violent felony convictions for purposes of CPL 440.46 (5) (b), even if the defendant was not sentenced as such.

. See defendant’s affirmation in support of motion for DLRA resentencing at 9, II17.

. Defendant also sustained two misdemeanor convictions, criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03) and attempted petit larceny (Penal Law §§ 110.00, 155.25).