THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL CABAN, Appellant. [921 NYS2d 877]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Dowling, J.), dated December 1, 2008, which denied his motion for resentencing pursuant to the Drug Law Reform Act of 2004 (L 2004, ch 738, § 23), on his conviction of criminal possession of a controlled substance in the first degree, which sentence was originally imposed, upon a jury verdict, on December 18, 1986.

Ordered that the order is reversed, on the law, and the matter is remitted to the Supreme Court, Kings County, for further proceedings and a new determination of the defendant's motion.

The Drug Law Reform Act of 2004 (L 2004, ch 738, § 23) (hereinafter the 2004 DLRA) provides that "any person in the custody of the department of correctional services convicted of a class A-I felony offense defined in article 220 of the penal law which was committed prior to [January 13, 2005], and sentenced thereon to an indeterminate term of imprisonment with a minimum period not less than fifteen years pursuant to provisions of the law in effect prior to the effective date of this section, may . . . apply to be resentenced in accordance with section 70.71 of the penal law" (L 2004, ch 738, § 23). Nothing in section 23 of the 2004 DLRA supports the Supreme Court's conclusion that a person's status as a parole violator renders a person ineligible to apply for resentencing in the first instance (*see People v Phillips*, 82 AD3d 1011 [2011]). While such status may be relevant in determining whether "substantial justice dictates that the application should be denied on the merits," it has no bearing on a person's eligibility for resentencing pursuant to the 2004 DLRA (*id.* [internal quotation marks omitted]). Accordingly, the Supreme Court erred in denying the defendant's motion on the ground that he was ineligible for resentencing under the 2004 DLRA based on his status as a parole violator.

We therefore remit the matter to the Supreme Court, Kings County, for further proceedings and a new determination of the defendant's motion. Mastro, J.P., Balkin, Leventhal and Belen, JJ., concur.