# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**657**

**KA 09-01933**

PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                            MEMORANDUM AND ORDER

JAMES FIDA, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (CHRISTINE M. COOK OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (VICTORIA M. WHITE OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------------------------------

Appeal from an order of the Onondaga County Court (William D. Walsh, J.), entered September 2, 2009 pursuant to the 2004 Drug Law Reform Act. The order denied defendant's application to be resentenced upon defendant's 1989 conviction of criminal sale of a controlled substance in the first degree.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law and the matter is remitted to Onondaga County Court for further proceedings.

Memorandum: Defendant appeals from an order denying his application for resentencing under the 2004 Drug Law Reform Act ([DLRA-1] L 2004, ch 738, § 23). We agree with defendant that County Court erred in determining that he was ineligible for resentencing because he had previously been released on parole and was incarcerated for a parole violation at the time of his application (*see People v Caban*, 84 AD3d 828, 828). As the Court of Appeals has noted with respect to the 2009 Drug Law Reform Act (*see* CPL 440.46), although "many parole violators have shown by their conduct that they do not deserve relief from their sentences[,] . . . courts can deny their resentencing applications . . . if 'substantial justice dictates that the application should be denied' " (*People v Paulin*, 17 NY3d 238, 244, quoting L 2004, ch 738, § 23; *see Caban*, 84 AD3d 828). We therefore reverse the order and remit the matter to County Court for further proceedings on defendant's application for resentencing pursuant to DLRA-1.

Entered:  June 15, 2012                          Frances E. Cafarell
                                                 Clerk of the Court