■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD SALVATIERRA, Appellant. [859 NYS2d 752]—

Rose, J. Appeal from an order of the County Court of Broome County (Smith, J.), entered February 21, 2006, which, among other things, denied defendant's motion for resentencing pursuant to the Drug Law Reform Act of 2005.

In satisfaction of two pending indictments, defendant pleaded guilty in April 1997 to criminal possession of a controlled substance in the second degree and attempted sodomy in the first degree, and County Court imposed consecutive prison sentences of five years to life and 1½ to 4½ years, respectively. Following the enactment of the Drug Law Reform Act of 2005 (L 2005, ch 643, § 1 [hereinafter DLRA 2005]), defendant applied for resentencing and County Court denied the motion, holding that defendant did not satisfy the eligibility criteria contained therein. This appeal by defendant ensued.

We affirm. "[I]n order to qualify for resentencing under [DLRA 2005], a class A-II felony drug offender must not be eligible for parole within three years" (*People v Thomas*, 35 AD3d 895, 896 [2006]). As defendant was already eligible for parole at the time he applied for resentencing, County Court correctly denied his application (*see People v Owens*, 45 AD3d 1050 [2007]). Inasmuch as defendant was plainly ineligible, as a matter of law, for resentencing, County Court quite properly denied his application and, further, did not err in doing so without a hearing (*see People v Perez*, 44 AD3d 418, 419 [2007], *lv denied* 9 NY3d 992 [2007]).

Cardona, P.J., Mercure, Malone Jr. and Kavanagh, JJ., concur. Ordered that the order is affirmed.