*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 29, 2015                104865
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                  MEMORANDUM AND ORDER

JOAQUIN BUSTAMANTE,
                    Appellant.
_____

Calendar Date:  December 16, 2014

Before:  Lahtinen, J.P., McCarthy, Rose, Lynch and Clark, JJ.

_____

        Janet K. Kealy, Hudson, for appellant.

        Paul Czajka, District Attorney, Hudson (James A. Carlucci
of counsel), for respondent.

_____

Rose, J.

        Appeal from an order of the County Court of Columbia County
(Nichols, J.), entered May 22, 2014, which denied defendant's
motion for resentencing pursuant to the Drug Law Reform Act of
2009.

        In 1991, defendant was convicted of criminal possession of
a controlled substance in the second degree, a class A-II felony,
and was sentenced to a prison term of four years to life.  He was
released to parole supervision in 1995, but later violated the
conditions of his parole and ultimately pleaded guilty to
criminal possession of a weapon in the second degree in 2007.  He
was then sentenced to seven years in prison.  Subsequently,
defendant moved to be resentenced on his 1991 conviction pursuant
to the Drug Law Reform Act of 2009 (see L 2009, ch 56

[hereinafter 2009 DLRA], as codified in CPL 440.46). County Court denied the application, based upon the Drug Law Reform Act of 2005 (see L 2005, ch 643 [hereinafter 2005 DLRA]). Defendant now appeals and we affirm.

We reject defendant's contention that he should have been resentenced pursuant to the 2009 DLRA, inasmuch as that statute applies to individuals imprisoned for class B drug felonies (see CPL 440.46 [1]; People v Paulin, 17 NY3d 238, 243 [2011]). As defendant was convicted of a class A-II drug felony, County Court correctly considered his application pursuant to the 2005 DLRA (see L 2005, ch 643, § 1; People v Mills, 11 NY3d 527, 533-534 [2008]). Further, because defendant "has been released to parole supervision for a class A-II drug felony conviction, he . . . no longer qualifies for 2005 DLRA relief for that particular conviction" (People v Mills, 11 NY3d at 537; see People v Ramirez, 120 AD3d 1136 [2014]; People v McCloud, 38 AD3d 1056, 1056-1057 [2007], lv dismissed 8 NY3d 947 [2007]), and, as such, the court properly denied the motion.[1] Although defendant also challenges the original sentence imposed in 1991, the record contains only a notice of appeal from the denial of the resentencing motion and there is no indication that he ever appealed from the original judgment of conviction.[2] Accordingly, any questions as to the original sentence are not properly before us (see CPL 450.30 [3]; People v Pittman, 17 AD3d 930, 931 n [2005], lv denied 5 NY3d 767 [2005]; People v Dabbs, 178 AD2d 848, 848-849 [1991], lv denied 79 NY2d 946 [1992]). We have considered defendant's remaining contention that he was denied the effective assistance of counsel regarding his resentencing motion and find it to be without merit.

_____

[1] We note that defendant previously applied for resentencing under the 2005 DLRA and County Court's denial of the application on the same grounds was affirmed by this Court (People v Bustamante, 62 AD3d 1209 [2009], lv dismissed 13 NY3d 742 [2009]).

[2] Defendant did appeal his 2007 conviction (People v Bustamante, 63 AD3d 561 [2009], lv denied 13 NY3d 794 [2009]).

Lahtinen, J.P., McCarthy, Lynch and Clark, JJ., concur.


ORDERED that the order is affirmed.




ENTER:

Robert D. Mayberger
Clerk of the Court