■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL HORNING, Appellant. [39 NYS3d 423]—

Order, Supreme Court, New York County (Arlene D. Goldberg, J.), entered on or about August 10, 2012, which, upon reconsideration, adhered to its prior order, entered on or about December 22, 2011, which denied defendant's motion for resentencing pursuant to the Drug Law Reform Act of 2005, unanimously affirmed. Appeal from order, same court and Justice, entered on or about December 22, 2011, unanimously dismissed, as subsumed in the appeal from the subsequent order.

The court correctly concluded that defendant, who was convicted of a class A-II drug felony, is not eligible for resentencing under the 2005 Drug Law Reform Act (L 2005, ch 643, § 1). A defendant is ineligible for resentencing under that Act where he or she is within three years of parole eligibility (*People v Mills*, 11 NY3d 527, 536 [2008]). Moreover, "once a defendant has been released to parole supervision for a class A-II drug felony conviction, he or she no longer qualifies for 2005 [Drug Law Reform Act] relief for that particular conviction" (*id.* at 537).

The fact that defendant may have been eligible for resentencing under another Drug Law Reform Act, applicable to persons convicted of other types of drug felonies, and containing different provisions, does not create eligibility where it does not otherwise exist (*see People v Bustamante*, 124 AD3d 1132, 1133 [3d Dept 2015], *lv denied* 25 NY3d 1070 [2015]), and we have no authority to rewrite the applicable statute. Defendant's equal protection and due process objections to the statutory resentencing criteria are unpreserved (*see Mills*, 11 NY3d at 536) and without merit (*see People v Paniagua*, 45 AD3d 98, 109-110 [1st Dept 2007], *lv denied* 9 NY3d 992 [2007]).

Since the denial of resentencing was correct, this Court has no lawful basis upon which to reduce defendant's sentence to a determinate sentence (*see People v Ramirez*, 120 AD3d 1136 [1st Dept 2014], *lv denied* 25 NY3d 1076 [2015]). Aside from the fact that this is an appeal from the denial of resentencing, and not from the underlying sentence itself, this Court's discretionary powers do not extend to the imposition of an un-

lawful sentence (*see People v Rivera*, 90 AD3d 510 [1st Dept 2011], *lv denied* 18 NY3d 928 [2012]). Concur—Friedman, J.P., Richter, Feinman, Kapnick and Kahn, JJ.