■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK CHRISTENSEN, Appellant. [52 NYS3d 234]—

---

* The indictment was amended during the plea allocution to correct the spelling of defendant's last name.

Appeal from an order of the Supreme Court (Breslin, J.), entered October 1, 2014 in Albany County, which denied defendant's application for resentencing pursuant to the Drug Law Reform Act.

In 1991, defendant pleaded guilty to criminal possession of a controlled substance in the second degree, a class A-II felony, and was sentenced to four years to life in prison. In 1995, he was released to parole supervision. Thereafter, he was convicted of driving while intoxicated and was sentenced to 1 to 3 years in prison. In July 2014, while he was reincarcerated, he made a pro se application to be resentenced on his 1991 A-II drug felony conviction under the Drug Law Reform Act of 2009 (*see* L 2009, ch 56, as codified in CPL 440.46). Supreme Court considered defendant's application under the Drug Law Reform Act of 2005 (*see* L 2005, ch 643 [hereinafter 2005 DLRA]), the statute applicable to A-II drug felony convictions, and found that because defendant was to be considered for parole in January 2016, which was within three years of the date of his application, he was ineligible for resentencing (*see People v Mills*, 11 NY3d 527, 534 [2008]). Consequently, the court summarily denied the motion and defendant now appeals.

Significantly, we note that during the pendency of this appeal, defendant was released from state custody and is now under parole supervision for his 1991 A-II drug felony conviction. As such, he "no longer qualifies for 2005 DLRA relief for that particular conviction" (*People v Mills*, 11 NY3d at 537; *accord People v Bustamante*, 124 AD3d 1132, 1133 [2015], *lv denied* 25 NY3d 1070 [2015]). Defendant's alternative claim that the 1991 sentence is harsh and excessive is not properly before us, as his appeal is from the order denying resentencing and not the original judgment of conviction (*see People v Bustamante*, 124 AD3d at 1133). Accordingly, we affirm Supreme Court's order.

Peters, P.J., Garry, Rose, Devine and Aarons, JJ., concur.
Ordered that the order is affirmed.