(August 17, 2017)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TAIWAN HARRIS, Appellant. [57 NYS3d 912]—

Egan Jr., J. Appeal from an order of the County Court of Schenectady County (Tomlinson, J.), entered August 15, 2014, which denied defendant's motion for resentencing pursuant to the Drug Law Reform Act of 2005.

In 1996, defendant was convicted of, among other things, criminal possession of a controlled substance in the second degree, a class A-II felony, and he was sentenced to 3½ years to life in prison. In 2000, he was released to parole supervision. Shortly thereafter, he was arrested and charged with robbery in the first degree. Defendant pleaded guilty to this crime, his parole was revoked and he was sentenced to 10 years in prison. In November 2013, he moved pursuant to the Drug Law Reform Act of 2005 (L 2005, ch 643 [hereinafter the 2005 DLRA]) to be resentenced on his A-II felony conviction. County Court found that defendant was ineligible for resentencing and denied the motion. Defendant now appeals.

We affirm. In *People v Mills* (11 NY3d 527 [2008]), the Court of Appeals made it clear that "in order to qualify for resentencing under the 2005 DLRA, class A-II felony drug offenders must not be eligible for parole within three years of their resentencing applications" (*id.* at 534; *see People v Salvatierra*, 51 AD3d 1218, 1219 [2008], *lv dismissed* 10 NY3d 964 [2008]). The Court further held that "once a defendant has been released to parole supervision for a class A-II drug felony conviction, he or she no longer qualifies for 2005 DLRA relief for that particular conviction" (*People v Mills*, 11 NY3d at 537; *see People v Cavallaro*, 46 AD3d 1024, 1024 [2007], *lv dismissed* 10 NY3d 762 [2008]). Here, defendant was released to parole following his A-II felony conviction and was reincarcerated after he committed another crime while on parole. In addition, the record discloses that defendant's eligibility for parole release was to be considered again within three years of his motion for resentencing. Both defendant's prior parole release and upcoming parole reappearance rendered him ineligible for resentencing. Therefore, County Court properly denied his motion.

Garry, J.P., Lynch, Mulvey and Aarons, JJ., concur. Ordered that the order is affirmed.