People v Moore (2018 NY Slip Op 01428)





People v Moore


2018 NY Slip Op 01428


Decided on March 6, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 6, 2018

Friedman, J.P., Tom, Webber, Kern, JJ.


5891 6998/01

[*1]The People of the State of New York, Respondent,
v
James Moore, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Molly Ryan of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Christine DiDomenico of counsel), for respondent.



Order, Supreme Court, New York County (A. Kirke Bartley, Jr., J.), entered on or about September 16, 2014, which denied defendant's motion for resentencing pursuant to the Drug Law Reform Act of 2005, unanimously affirmed.
The court correctly denied resentencing on the ground that defendant was less than three years from his parole eligibility date when he filed the motion (see People v Mills, 11 NY3d 527, 536 [2008]), and it providently disregarded the People's erroneous concession to the contrary (see e.g. People v Wells, 16 AD3d 174 [1st Dept 2005], lv denied 5 NY3d 796 [2005]). Accordingly, the court was not required to assign counsel or conduct a hearing (see People v Santana, 44 AD3d 340 [1st Dept 2007], lv dismissed 9 NY3d 964 [2007]). A defendant is entitled to a hearing on the merits of a resentencing application, but not necessarily on the threshold issue of eligibility (People v Golo, 26 NY3d 358, 362-363 [2015]). Here, defendant's ineligibility was clear, and there was nothing to litigate.
Defendant argues that the 2005 Act should be reinterpreted in light of recent developments, including those relating to the resentencing of persons convicted of other types of drug felonies. However, no decision finding eligibility with regard to any other Drug Law Reform Act has vitiated the 2005 Act's clear eligibility requirement that the applicant's parole eligibility date be at least three years in the future. To accept defendant's argument, we would have to rewrite the statute to treat persons convicted of class A-II felonies the same as persons convicted of other drug felonies (see People v Horning, 143 AD3d 520 [1st Dept 2016], lv dismissed 28 NY3d 1124 [2016]). We have considered and rejected defendant's constitutional arguments (see People v Paniagua, 45 AD3d 98, 109-110 [1st Dept 2007], lv denied 9 NY3d 992 [2007]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 6, 2018
CLERK