People v Forsythe (2018 NY Slip Op 01673)





People v Forsythe


2018 NY Slip Op 01673


Decided on March 15, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 15, 2018

107902

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
MARVIN FORSYTHE, Appellant.

Calendar Date: January 23, 2018

Before: Egan Jr., J.P., Clark, Mulvey, Rumsey and Pritzker, JJ.


George J. Hoffman Jr., Albany, for appellant.
P. David Soares, District Attorney, Albany (Vincent Stark of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from an order of the County Court of Albany County (Herrick, J.), entered June 16, 2015, which denied defendant's motion for resentencing pursuant to the Drug Law Reform Act of 2005.
In satisfaction of a two-count indictment, defendant pleaded guilty to one count of criminal possession of a controlled substance in the second degree, a class A-II felony, and, in January 2003, was sentenced to a prison term of three years to life. According to the parties, defendant was released to parole supervision in August 2003 but subsequently violated the terms of his parole, resulting in his return to custody. In June 2015, defense counsel filed a motion seeking to have defendant resentenced pursuant to the Drug Law Reform Act of 2005 (see L 2005, ch 643 [hereinafter the 2005 DLRA]). County Court denied the motion, noting that defendant had been released to
parole supervision in May 2015 and, therefore, was ineligible for resentencing under the 2005 DLRA. This appeal by defendant followed.
We affirm. "[O]nce a defendant has been released to parole supervision for a class A-II drug felony conviction, he or she no longer qualifies for 2005 DLRA relief for that particular conviction" (People v Mills, 11 NY3d 527, 537 [2008]; accord People v Harris, 153 AD3d 1092, 1093 [2017]; People v Horning, 143 AD3d 520, 520 [2016], lv dismissed 28 NY3d 1124 [2016]; see People v Christensen, 150 AD3d 1483, 1484 [2017]; People v Bustamante, 124 AD3d 1132, 1133 [2015], lv denied 25 NY3d 1070 [2015]). Accordingly, inasmuch as defendant was released to parole supervision in May 2015, County Court properly denied his motion for resentencing under the 2005 DLRA (see People Christensen, 150 AD3d at 1484; People v Bustamante, 124 AD3d at 1133). In this regard, defendant's reliance upon the Court of Appeals' decisions in People v Brown (25 NY3d 247 [2015]), People v Santiago (17 NY3d 246 [2011]) and People v Paulin (17 NY3d 238 [2011]) is misplaced as each of the cited cases involved [*2]defendants who were convicted of a class B felony drug offense and were seeking resentencing under the Drug Law Reform Act of 2009 (see L 2009, ch 56, as codified in CPL 440.46). As defendant was convicted of a class A-II drug felony, his application for resentencing was properly brought, considered and rejected under the 2005 DLRA.
Egan Jr., J.P., Clark, Mulvey, Rumsey and Pritzker, JJ., concur.
ORDERED that the order is affirmed.