People v Soroa (2018 NY Slip Op 07661)





People v Soroa


2018 NY Slip Op 07661


Decided on November 13, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2018

Sweeny, J.P., Manzanet-Daniels, Gische, Gesmer, Singh, JJ.


7583 7959/98

[*1]The People of the State of New York, Respondent,
v
Cosme Soroa, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Barbara Zolot of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Samuel L. Yellen of counsel), for respondent.



Order, Supreme Court, Bronx County (Raymond L. Bruce, J.), entered on or about May 30, 2017, which denied defendant's motion for resentencing pursuant to the Drug Law Reform Act of 2005, unanimously affirmed.
The court correctly denied resentencing on the ground that defendant was less than three years from his parole eligibility date when he filed his motion (see People v Mills, 11 NY3d 527, 536 [2008]). We see no reason to depart from our previous holdings, in which we rejected statutory and equal protection arguments similar to those raised here (see People v Moore, 159 AD3d 444 [1st Dept 2018]; People v Horning, 143 AD3d 520 [1st Dept 2016], lv dismissed 28 NY3d 1124 [2016]; People v Paniagua 45 AD3d 98, [1st Dept [2007]). Defendant's Eighth Amendment challenge to his life sentence is unavailing (see People v Broadie, 37 NY2d 100 [1975], cert denied 423 US 950 [1975]).
In any event, regardless of eligibility, the record also supports the motion court's finding that substantial justice dictates denial of resentencing, particularly in light of defendant's having been convicted of another drug felony while on parole.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 13, 2018
CLERK