People v Concepcion (2025 NY Slip Op 05750)

People v Concepcion

2025 NY Slip Op 05750

Decided on October 16, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 16, 2025

Before: Kern, J.P., Scarpulla, Pitt-Burke, O'Neill Levy, Michael, JJ. 

Ind No. 72742/22|Appeal No. 4975|Case No. 2022-04917|

[*1]The People of the State of New York, Respondent,
v
Melissa Concepcion, Defendant-Appellant. 

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Dany Greene of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Andrew H. Chung of counsel), for respondent.

Order, Supreme Court, New York County (Kathryn S. Paek, J.), entered on or about October 14, 2022, which adjudicated defendant a risk level one sex offender pursuant to the Sex Offender Registration Act (SORA) (Correction Law art 6-C), unanimously affirmed, without costs.
Defendant's foreign conviction is a registerable offense under SORA's essential elements test (Matter of North v Board of Examiners of Sex Offenders of State of NY, 8 NY3d 745 [2007]). Defendant's underlying federal conviction of conspiracy to commit sex trafficking of minor (18 USC § 1594[c]) is the same underlying conviction presented in two recent decisions of this Court, both of which held that the conduct underlying the defendants' federal convictions was within the scope of the New York State offense of promoting prostitution in the second degree (People v Carno, 232 AD3d 476 [1st Dept 2024], lv denied 43 NY3d 902 [2025]; People v Luck, 212 AD3d 535 [1st Dept 2023], lv denied 39 NY3d 915 [2023]). That the defendants' convictions in Carno and Luck fell within the scope of promoting prostitution in the second degree (Penal Law § 230.30[2]) rather than promoting prostitution in the third degree (Penal Law§ 230.25[2]) is not significant; the only difference between the elements of those two statutes is the victim's age, which is immaterial to this appeal. We decline to overrule Carno or Luck in the absence of "a compelling justification for doing so" (People v Peque, 22 NY3d 168, 194 [2013], cert denied 574 US 840 [2014]).
Defendant's equal protection and constitutional challenges to his SORA adjudication are unpreserved (see People v Horning, 143 AD3d 520, 520 [1st Dept 2016], lv denied 28 NY3d 1124 [2016]), and we decline to review them in the interest of justice. As an alternative holding, we find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 16, 2025